## Austin L. Rankin v. Rose West.

*Married women may engage in business: Husband may act as agent of wife in carrying on such business.* A married woman, under our statutes, may carry on business in her own name, and for that purpose may make herself liable for a purchase of property on credit; and her husband may act as her agent in carrying on such business. The fact that the husband, by reason of financial embarrassments, is unable to carry on business and support the family, in his own name, is no impediment to the wife's engaging in business for that purpose.

*Property purchased on credit by wife, not liable for husband's debts.* A business thus carried on by the wife for the purpose of keeping property purchased by her from the reach of her husband's creditors, would not be a fraud upon the creditors of the husband, unless the necessary result was to hinder, delay, or defraud such creditors in the collection of their debts; and if the property in

question would never have come to the possession of either the husband or wife, except in pursuance of an understanding that she should be the purchaser, and carry on the business by means of it, such a purchase cannot wrong the husband's creditors.

*Sale of property in good faith to wife on credit.* Where one who has refused to sell to the husband because he did not think it safe to trust him, is willing to sell to the wife on credit, trusting to the property in her hands and to her honesty in making it available for his protection, and makes the sale to her in good faith, the title to the property will not pass, contrary to the intent of both parties, to the husband for the benefit of his creditors, who could neither be wronged by any sale to her nor have any right to insist on a sale to the husband.

*Instruction to the jury.* A charge to the jury which is correct in substance and effect, so far as it goes, is not open to objection upon the ground that it did not go further and pass upon an additional point to which the attention of the judge was not called, and upon which no request was preferred.

*Heard July 6. Decided July 9.*

Error to Saginaw Circuit.

*Sutherland & Wheeler,* for plaintiff in error.

*John B. Dillingham,* for defendant in error.

COOLEY, J.

The defendant in error brought replevin for the stock in trade in a meat market, of which she claimed to be proprietor, but which Rankin, as sheriff, had taken on execution as the property of her husband, Richard J. West.

Richard J. West, it appears, had previously carried on the same business in his own name; but being embarrassed, and apparently unable to continue it, one Hubert, from whom he had been in the practice of purchasing stock on credit, refused to trust him longer, but made a bargain with Mrs. West, by which it was agreed he should sell to her, and she should pay him for the property. Hubert said he knew there were debts against her husband, and he did not wish to make such sales as would make the property sold, subject to executions on such debts. This arrangement was carried out; a shop being leased in the

name of Mrs. West, and the business thereafter carried on in her name, her husband managing it for her.

The defense in the replevin suit was, that this arrangement was fraudulent as to the creditors of Richard J. West, and that the business thus conducted was still his business, carried on in the wife's name merely as a cover.

The instructions given by the circuit judge to the jury were as follows:

"This is an action of replevin brought by the plaintiff against the defendant for certain meat found in a butcher shop on the first day of February, 1870.

"The cause of the replevin was this: James I. Robinson had, on the 21st day of August, 1869, recovered judgment against Richard J. West, for the sum of three hundred dollars and costs. On the 28th of January, 1870, the winter following, he sued out an execution on that judgment, and levied upon the property in question.

"The validity of the judgment and the execution are all conceded by counsel, and the only question reserved for you is, as to the title of the property levied upon.

"If the property, at the time of suing out the replevin, was the property of the plaintiff, she should receive a verdict at your hands. If it was the property of Richard J. West, then it was properly levied upon by said defendant, who was deputy sheriff here, and the verdict should be for the defendant, for the value of the property, and interest from the date of the replevin, on February 1st, 1870, and for six cents damages for the detention of the property by the plaintiff.

"The only question, as I have said, left for you, is as to the question of the title of the property.

"At common law, before our statute was passed, all personal property of the wife, that she owned at the time of her marriage, vested in the husband, and she could not own personal property herself at law. By the statute

passed in 1855, it was provided as follows: 'That the real and personal estate of every female acquired before marriage, and all property, real and personal, to which she may become entitled by gift, grant, inheritance, devise, or in other manner, shall be and remain the estate and property of such female, and shall not be liable for the debts, obligations, and engagements of her husband, and may be contracted, sold, transferred, mortgaged, conveyed, devised or bequeathed by her, in the same manner and with the like effect as if she were unmarried.'

"If the plaintiff acquired this property, if it became her property by the transaction between herself and Hubert, then you have no further inquiry; you should find for the plaintiff.

"Mr. Hubert testified that, Richard J. West being indebted to him some hundreds of dollars, he refused to furnish him any more goods; that he would not give him any credit, and that he made a bargain with the plaintiff by which it was expressly agreed that he should sell to her, and that she should pay him for the property. He said he knew there were certain debts against Richard J. West, and that he did not wish to make such sales as would make his property subject to executions against Richard J. West. Now, such a bargain as that, Mr. Hubert had a right to make. Any man has a right to sell his own property, so long as he does not defraud his creditors. It is not alleged that Mr. Hubert was defrauding any of his creditors.

"It is not claimed but that the property belonged to Mr. Hubert. He had a right then, I say, to sell his property to whomsoever he pleased. He had a right to sell it in such a way as to secure himself that no creditors of Mr. West should levy upon the property. The fact that Mr. West was indebted did not prevent Mr. Hubert from selling his property to whomsoever he pleased.

"And I charge you, that if you find that Mr. Hubert, for the purpose of selling his property on credit in such a manner and to such a person as he deemed would render him secure in receiving the price therefor, agreed with the plaintiff to sell the property in question to her and not to her husband, and did this with the intent to vest the title in her and to render himself secure, and not for the purpose of aiding West to defraud his creditors, then the title vested in the plaintiff, and you should find for her.

"But if you find that the transaction was intended by all the parties to the contract, including Hubert himself, as really for the benefit of Richard J. West, but for the purpose of preventing the creditors of Richard J. West from collecting their demand, it was made, in form merely, a sale to the plaintiff, then you should find for the defendant; that is to say, if Mr. Hubert really intended to sell to Richard J. West, but for the purpose of enabling Richard J. West to conduct his business in such a way that his creditors could not levy upon his property, and that was the intention of the parties to the contract, then I charge you, you should find for defendant.

"But if Mr. Hubert, even although he knew that Richard J. West was indebted, sold the property to Mrs. West, intending thereby to vest the title in her for the purpose of securing himself and making a good sale, and not for the purpose of defrauding the creditors of Richard J. West, then you should find for the plaintiff, for it is purely a question of title."

The record states that, to that portion of this charge which instructed the jury that they could only find for the defendant if Hubert sold the property intending to assist Richard J. West in defrauding his creditors, the defendant excepted, though in fact, no portion of it so instructed them. And he also requested the court to charge the jury

that, although the title, as between Hubert and the purchaser, may have been intended to be vested in Mrs. West, yet, if the business was conducted in her name by Mr. West for the purpose of preventing his creditors from seizing the property to satisfy his debts, and Mrs. West joined with him in allowing the business to be done for that purpose, then the plaintiff cannot recover; that the mode of doing business would be a fraud on the creditors of Mr. West, and they would be entitled to levy their executions on the property. The court refused this request, except with the qualification that it was done by Hubert also, with the intent not really to pass the title to her, but to pass it to Mr. West, and it was passed to her in form merely, but for the benefit of Richard J. West, and not for the purpose of securing Hubert.

The questions before us arise exclusively upon the charge as made, and the refusal to charge as so requested.

We have heretofore decided that a married woman may carry on business in her own name, and for that purpose may make herself liable for a purchase of property on credit.—*Tillman v. Shackleton, 15 Mich., 447.* And if she may do this, there is no reason in law why her husband may not be her agent for this purpose. And if the husband, by reason of financial embarrassments, is unable to carry on business and support the family in his own name, it would be remarkable if this should be held to constitute any impediment to the wife's engaging in business for that purpose. It would seem, on the other hand, to constitute a very sufficient and laudable motive for her doing so.

It will be observed from the request to charge made by the plaintiff in error, that he does not ask a question of fact to be submitted to the jury, but he desires them instructed that a business thus carried on is in law a fraud upon the creditors of Mr. West, if its purpose was to keep

the property from the reach of his creditors. Now, whether this is so or not, would depend on whether the necessary result was to hinder, delay, or defraud them in the collection of their debts. If this property would never have come to the possession of either Mr. or Mrs. West, except in pursuance of an understanding that she should be the purchaser and carry on business by means of it, we cannot see how such a purchase can wrong his creditors; they have every remedy against him which they had before, and cannot reasonably complain that the wife chooses to make her own arrangements so that her husband's debts shall not be enforced against her purchases. And having thus a right to buy property and carry on business, it cannot form the subject of complaint, that she purposed to keep the property beyond the reach of the husband's creditors; that purpose, if the property was hers, was fraudulent neither in law nor in fact. The circuit judge was, therefore, right in not giving the charge requested.

We also think the charge given was not open to complaint by defendant under his exception. Hubert, according to his testimony, refused to sell to West, because he did not think it safe to trust him, but was willing to sell to the wife on credit, trusting to the property in her hands, and to her honesty in making it available for his protection. If he thus made the sale to her in good faith, it is difficult to discover how the title could pass to the husband, contrary to the intent of both parties, for the benefit of the husband's creditors, who could neither be wronged by any sale to the wife, nor had any right to insist on any sale to the husband. It will be observed that the judge did not charge, that an actual fraudulent intent on the part of West and his wife, in carrying on the business for West under the cover of his wife's name, might not entitle the creditors of West to treat the business as his, irrespective

of any intent of Hubert; he was not asked to charge upon that subject; the substance and effect of his charge was, that a sale in good faith by Hubert to the wife was valid, and vested the title in her, though, had Hubert really intended to sell to West, but made a sale, in form only, to the wife, the creditors might treat the property as West's.

This was correct as far as it went; and if the defendant desired instruction as to the effect of an actual fraudulent intent on the part of West and his wife, irrespective of any intent to defraud on the part of Hubert, he should have requested it. This we have seen he did not do, but on the other hand, the instruction asked was, in effect, that the transaction between the three parties was fraudulent in law. It would be unfair to the judge to hold that he committed an error in not noticing a point to which his attention was not called.

We think there is no error in the record, and that the judgment should be affirmed, with costs.

CAMPBELL and GRAVES, JJ., concurred.

CHRISTIANCY, CH. J., did not sit in this case.