## Harvey Gillam and others v. Agnes T. Boynton.

*Findings of fact: Evidence: Conclusions of law.* Where a cause was tried by the court without a jury and a special finding filed, the correctness of the conclusions of fact cannot be considered in a court of review, but must be assumed to have been warranted by the proofs; and if the findings of fact justify the judgment, it is immaterial whether specific legal conclusions are rightly drawn.

*Special findings: Conclusions of fact.* Every finding is the responsible act of the judge, and it is not important by what name it is called by him; if his mind has reached conclusions which involve questions of fact, they must prevail, even though mixed with legal inquiries, unless illegally reached.

*Married women: Property purchased.* A debt for property purchased is a valid liability in this state against a married woman.

*Special findings: Married women: Purchase: Promissory notes.* The findings of fact in this case showing that defendant was engaged in business for herself, that her husband had bought a safe on credit and had not paid for it and offered to return it to the vendors, with a proposition that his wife would, if they chose to sell it to her, give her note for an amount and at a time specified, which was the note in suit, that the vendors accepted this proposition and the note was sent accordingly, and that the husband acted in the matter only as agent for his wife and with her authority, and it being further found, though nominally as findings of law, that the vendors owned the safe and sold it to defendant in her own right and on her sole credit, and accepted this note in payment, the objection that the facts found do not support the judgment for plaintiffs, is held not well taken.

*Heard April 4. Decided April 17.*

Case made from Superior Court of Grand Rapids.

*McLaren & Jennings,* for plaintiffs.

*Taylor & Eddy,* for defendant.

GILLAM *v.* BOYNTON.

CAMPBELL, J:

Gillam recovered judgment in the court below against Mrs. Boynton, a married woman, upon her promissory note. She brings the case up for review on case made, and claims the judgment to be erroneous, on the ground that it does not properly appear that the note was given in any transaction relating to her own property.

The objections to the conclusions of the superior court seem to rest on some misapprehension. We have no power to consider the correctness or incorrectness of the judge's conclusions of fact, which we must assume to have been warranted by the proofs. And if those findings justify the judgment, it is not important whether any specific legal conclusions are rightly drawn.

The findings show that Mrs. Boynton was engaged in business for herself, and that her husband, who had bought a safe on credit and had not paid for it, offered to return it to the vendors, with a proposition that his wife would, if they chose to sell it to her, give her note for an amount and at a time specified, which was the same note sued on.

It is further found that they accepted the proposition and the note was sent accordingly, and that in this matter Boynton acted only as agent for his wife and with her authority. It is further found, nominally as findings of law, but really in legal effect as findings of fact, that the vendors owned the safe and sold it to Mrs. Boynton in her own right and on her sole credit, and accepted this note in payment. Every finding is the responsible act of the judge, and it is not very important by what name it is called. There is nothing in the record by which we are justified in revising his conclusions from the testimony. If his mind has reached conclusions which involve questions of fact, even though mixed with legal inquiries, they must prevail unless illegally reached. We have nothing before us to enable us to enter upon this inquiry, if we should imagine, as we do not, that the results are wrong. There

GILLAM v. BOYNTON.

is no bill of exceptions in the case, and there are no points of law raised which must not be determined by the right of the court below to render judgment on the findings set forth.

Upon such of them as have been above enumerated, the judgment was properly rendered for the plaintiff, who was holder of the note.    It is well settled in this state that a debt for property purchased is a valid liability against a married woman.—*Tillman v. Shackleton*, *15 Mich. R.*, *457; Campbell v. White*, *22 Mich. R.*, *185; West v. Laraway*, *28 Mich. R.*, *465.*

If this note was given for property actually sold to Mrs. Boynton on her own credit, all the other questions referred to in the findings become immaterial.    No other judgment could be given than that which was given.

We have had some doubt whether this case is really in any condition to be examined at all.    It is difficult to learn from the record what points are fairly before us.    But as we can see no defect in the findings or judgment, we need not discuss the practice.

The judgment must be affirmed, with costs.

The other Justices concurred.