CATHARINE AMPERSE v. THE COMMON COUNCIL OF THE CITY OF KALAMAZOO.

*Action by council on liquor dealer's bond—Legality of liquor traffic—Right of married woman to engage in same and execute bond, as principal—. Duty of council—Action taken should be recorded—Answer to order to show cause.*

1. A liquor dealer is entitled to prompt action upon his bond, when presented for approval.

2. The sale of intoxicating drinks under certain restrictions and regulations, is a lawful business in Michigan and the right of a married woman to engage in and carry on any legal business in her own right and name, with her husband's consent, is no longer an open question in this State, and she may obligate herself, as principal, upon a liquor dealer's bond.

3. The duty of a board under the statute (How. Stat. § 2278) is a simple one. The sole questions to be decided are: Is the bond proper in form and is its penalty sufficient? Are the bondsmen residents of the municipality and financially responsible for their undertaking?

If not satisfied upon any of these points it is the duty of the board to reject the bond, and acquaint the applicant with the reasons for such rejection, which should appear of record.

4. A common council of a city or the board of trustees of a village must be governed by the same rules of law in approving or rejecting liquor dealers' bonds, as other bodies who are called upon by statute to approve sureties to official and other bonds. They must act fairly, giving the applicant a full opportunity of presenting and establishing his right to the approval of his bond, and are bound to decide upon the merits of the application, or distinctly record the fact of its rejection and the reason therefor, so as to enable the applicant to perfect his bond or obtain a judicial decision whether they are bound to consider it.

5. Where in answer to an order to show cause the respondents decline to state their reasons for the non-action complained of, it is fair to assume that they have acted arbitrarily and without reason.

Mandamus. Submitted November 18, 1885. Granted January 13, 1886.

Relator applied for an order to show cause why a mandamus should not issue requiring the common council of the city of Kalamazoo to act upon the approval of her bond, as a liquor dealer in said city, which was granted, to which respondent made answer. The facts are stated in the opinions.

*Oscar T. Tuthill*, for relator:

The statute imposes upon the council a ministerial duty, mandatory in its terms, viz., that it shall determine the sufficiency of liquor bonds and if in proper form and sureties worth the required amount, etc., as specified by statute, they shall indorse their approval on the same, and without which it cannot be used: How. Stat. § 2278; *Pond v. Parrott*, 42 Conn. 13; *Garrison v. Steele*, 46 Mich. 98. Respondents were required to fairly and unequivocally make answer to all the material facts alleged in relator's petition, yet they avoid doing so and evade and fail to say anything except by way of argument, without showing any facts, or denial of facts alleged to support it. This was not enough: *Beard v. Supervisors*, 51 Miss. 542; *People v. Supervisors*, 64 N. Y. 600; *People v. Assessors*, 52 How. Pr. 140; *People v. Green*, 50 How. Pr. 500.

*W. G. Howard*, for respondent:.

The relief asked for should not be granted, because the relator is a married woman, living with her husband and is therefore legally disqualified from lawfully engaging in the business of selling liquor. The common law gave her no such right. Does the statute pertaining to married women? *Glover v. Alcott*, 11 Mich. 470; *Tillman v. Skackleton*, 15 Mich. 447.

Can a married woman engage in the business of keeping a drinking saloon, a business entirely inconsistent with her domestic duties as a wife and bind her sole and separate property by the bond required by statute? I submit she cannot.

MORSE, J. The relator, Catharine Amperse, who is a married woman, filed her petition in this Court, praying for a writ of mandamus against respondent to compel said council to act upon the approval of a bond presented to them under the liquor law, and to approve the same, if sufficient in form and penalty and responsibility of sureties. An order to show cause why such writ should not issue was granted by this Court June 9, 1885, and on the twenty-second of September, 1885, the respondents answered. From the petition and answer it appears that, on the twentieth day of May, 1885, the petitioner presented her bond, proper in form and of a sufficient penalty, signed by herself and two sureties, each of whom had made the justification by affidavit upon said bond as required by the statute, to the said common council for approval, which said bond was thereupon referred to the committee upon license; that, at a special meeting of said common council, May 25, 1885, the committee on license reported that, upon investigation, they were of the opinion that the sureties upon said bond were financially responsible. The attorney of the city, who was present, was then called upon by the council to state the law regarding the approval of liquor bonds. He stated that the sole duty of the council was to determine the legal sufficiency of the bond and the financial standing of the sureties, and that, if they were satisfied as to both these points, they should approve the bond. Thereupon one of the mem-

bers of the council stated, in substance, that, if this was law, he was going against the law, and would take his chances in disapproving the bond; that certain petitions on file request-ing the council not to approve the bond, because the hus-band of the petitioner had kept before this a disorderly house at the place designated in said bond for the sale of liquors, was enough for him, and that these petitions ought to guide and control the action of the council. He moved to disapprove the bond, and, without further reason being given, it was disapproved. It is conceded that the bond was sufficient, and complied with the statute in every respect. No reason is given of record for the disapproval.

On the first day of June, 1885, Mr. Tuthill, as attorney for relator, appeared before the common council, and by permission addressed said body in her behalf, and asked them to state if there were any other reasons than said petitions why they did not approve her bond, and again submitted the bond to them. The common council refused to give any reasons for their action, but a motion was made and carried, as appears by their records, referring the matter again to the committee on license. After the order to show cause from this Court was served upon them, the common council, August 19, 1885, considered the bond a second time. The committee on license reported that they had no recommen-dation to make as to said bond, which report was adopted. Thereupon it was unanimously " moved that the liquor bond of Catharine Amperse be disapproved." In the answer of respondents no reason whatever is assigned for their action, and their only excuse is that the attorney of relator did not give them time to act the second time before applying to this Court for the writ of mandamus. They also submit that under the statute they are the judges of the sufficiency of the bond and of the sureties.

It will be seen that the common council disapproved the bond without assigning any reason for so doing, after the order to show cause, and it must therefore be presumed that they would have done the same if this Court had not been applied to. The relator, we think, was not obliged to wait

upon the common council any great length of time for the
approval of this bond. She was entitled to speedy and
prompt action upon it; and the fact that, on the ninth day
of June, she sought the aid of this Court to obtain her rights
can be no excuse whatever for the course pursued by this
common council.

Two reasons are urged why the writ should not issue in
this case: *First*, because the relator is a married woman,
living with her husband, and is therefore legally disqualified
from lawfully engaging in the business of selling liquor;
*second*, that the common council have a right to reject a
liquor bond, and they are not required to give any reason
for their action.

We cannot consider the moral effect or policy of permit-
ting a married woman to engage in the business of vending
liquors at wholesale or retail. The statute has made the sale
of intoxicating drinks, under certain restrictions and condi-
tions, a legal business, and we must consider the right of a
married woman to engage therein upon the basis that the
traffic is a legal one. If hurt come to the social and domes-
tic relations of life in any community thereby, the remedy
is in the Legislature and not in the courts. We must
administer the law as we find it, if not in conflict with the
Constitution of our State. The right of a married woman
to engage in and carry on any legal business in her own
right, and in her own name, is no longer an open question in
this State. It is not pretended that she has not her hus-
band's consent to carry on the business. On the contrary, it
appears from all the circumstances that he is willing: *Till-
man v. Shackleton*, 15 Mich. 447; *Mason v. Dunbar*, 43
Mich. 408; *Gillam v. Boynton*, 36 Mich. 236; *Carew v.
Mathews*, 49 Mich. 302; *Rankin v. West*, 25 Mich. 195.
And if her husband has no objection, she can give her per-
sonal services in any business she chooses, and appropriate to
herself as her own property the avails thereof : *Mason v.
Dunbar*, 43 Mich. 408; *Meriwether v. Smith*, 44 Ga. 541;
*Peterson v. Mulford*, 36 N. J. 481.

There is no reason why she could not obligate herself as

principal upon a liquor bond. If she were about to engage in any other business, it would not be contended that she lacked power to bind herself by promissory note, or in any other way, in order to procure goods or materials with which to begin business. The business of selling liquor under our present laws must be treated precisely the same as any other legitimate employment. We must treat the answer of the respondents in this case as no answer at all. They utterly fail to assign any reason for their action. They do not even ground their action upon the petitions filed with them protesting against the approval of the bond. If they have any good reason for rejecting the bond, the relator and this Court are left entirely in the dark as to what it is. The duty of the common council was plain, upon receipt of the order of this Court, either to approve the relator's bond at once, or to show to us some good, substantial reason for not doing so. Instead of doing this, almost in contempt, at least in an evasion of the order of this Court, the council meet and again, arbitrarily and without any assigned cause, reject this bond, and make return here that they think they have the right to do so.

We must disagree with them. The duty of this board, under the statute, is a simple one. They are concerned, under the law, solely with these questions: Is the bond proper in form and the penalty named therein sufficient? Are the bondsmen residents of the municipality and financially responsible for their undertaking? If they are not satisfied as to any of these matters it is their duty to reject the bond, and to acquaint the petitioner with the grounds upon which they reject it, so the bond may be remedied if possible. If these questions are found in the affirmative, it is the duty of the board to approve it. They have no power to arbitrarily reject a bond without having any valid reason, or without assigning any good reason therefor. And we think the reason for rejecting a bond should appear of record. If not, then we shall have a common council rejecting a bond, each member of the body locking up in his own breast the reason therefor; and when called upon by a court

to show the ground of their action, at liberty to assign any cause it may seem best, under the circumstances, whether it be the real cause at the time of their action or not. A person engaging in the sale of liquors is entitled to the same equal rights, under the law, as persons filing bonds under other circumstances, no matter what may be the opinion of individual members of the board, whose duty it is to approve the bond, as to the policy of the law or the character of the business; and no captious or arbitrary actions in depriving him of his rights can be tolerated by the courts.

It was held by this Court, in *Parker v. Portland*, 54 Mich. 308, that when the board have exercised their judgment and discretion *in good faith*, and passed upon the bond, mandamus would not lie to control their decision or action, if there was no abuse of their discretion; but there is no authority in that case to sustain the arbitrary action of this board, who acted without any legal judgment or discretion, but in the language of one of the members, took their chances of disobeying the plain mandate of the statute, and who, when called upon to explain or justify their action, return to this Court, in substance: "We did this because we had the right and power to do it, and it is no one's business what our reasons were for rejecting this bond." It was expressly held in *Parker v. Portland*, that when the rejection of a liquor bond "was the result of prejudice and caprice," it would be the duty of this Court to grant relief. Such is plainly the case before us.

A common council of a city, or the board of trustees of a village, must be governed by the same rules of law in their action upon these liquor bonds as other bodies who are called upon by statute to approve sureties to official and other bonds. "They are bound in all cases to act fairly, and give every petitioner a full opportunity of presenting and establishing his right to the approval of his bond; and they are bound to come to a decision upon the merits of the application, or distinctly record the fact that they reject it, and the reason therefor, so as to enable the applicant to perfect his bond or to obtain a judicial decision whether they are bound to consider it:" *Mixer v. Supervisors, etc.*, 26 Mich. 422.

The authorities in this country are uniform that boards or officers who are clothed with the duty of approving bonds required by law cannot act capriciously or arbitrarily in rejecting them.   To hold otherwise—that they can do so, without assigning any reason, or without relief to the applicant by an appeal to the courts—would open the door to private or political malice to block the wheels of government, and outrage private and public rights by preventing worthy men from engaging in legitimate business, or entering upon the duties of the offices to which the people had elevated them :   *State v. Lafayette Co. Ct.*, 41 Mo. 221-227 ; *Ex parte Candee*, 48 Ala. 386.

The respondents in this case have seen fit to rest their cause upon the broad ground that their action is above and beyond the criticism of any other tribunal.   Their answer assumes that they are the sole arbiters of the relator's right to engage in the business of selling liquor.   Whether they have any good reason for their action, for some cause they decline to inform us.   In such case we can only assume that they have acted arbitrarily and without reason.   To allow such action would be in plain violation of the statute, and a manifest disregard of the rights of the relator under it.

The writ of mandamus must issue in this case to respondents to approve forthwith the bond presented by relator, with costs in her favor.

CAMPBELL, C. J., and CHAMPLIN, J., concurred.

SHERWOOD, J.  I concur in the result reached by my brethren in this case, but I am not able to agree with much that is said by Mr. Justice Morse in his opinion.  I have heretofore fully expressed my views of the requirements of the statute, and the duty devolving upon the common council in giving their approval of bonds in this class of cases, in *Parker v. Board of Trustees of Portland*, 54 Mich. 308; *Potter v. Common Council of Homer*, 59 Mich. 8 (decided at the present term of this Court), and a review of the subject in this case has only served to strengthen my convictions in the correctness of the construction I then gave to the statute.

This case, however, is entirely unlike those. In those cases the common council rejected the bonds offered, and when called upon by this Court to show cause and give reasons for their disapproval, in each case the return contained the statement, they were not satisfied of the sufficiency of the bond, or with the sureties therein. In this case the common council of the city of Kalamazoo were required, under the order of this Court, to show " why they failed and refused to approve the bond of the relator presented to them, and indorse their approval thereon, as required by statute, to enable the relator to engage in and carry on the business of selling intoxicating liquors at the place applied for in said city of Kalamazoo, and why they did not act upon the approval of said bond as required, and approve the same, if sufficient in amount, and the sureties good and sufficient; and if not good and sufficient, specify in what particular they were not." No proper response has been made to this order. They admit the sufficiency of the sureties, and after stating what they did, they give no reasons therefor, and those were required to be stated and returned to this Court. The petition of the relator showing her right to the privilege she asks substantially stands admitted by the respondents. It nowhere appears in any action taken by respondents that the character of the place or person, or the reputation of either, was investigated or especially passed upon by the council, although their attention was challenged to those subjects by the petition of the relator, as well as by the citizens of the city. This Court cannot enter into investigations of subjects of that kind when they do not appear upon the record; and if the municipality wishes considerations of this kind to be reviewed in this Court, some action must be taken by the respondents, and their decision in the case, with their reasons therefor, must be fully set forth in the record presented for review, before this Court can take action in the premises.

When this Court, by its order, requires the respondents to make answer to the petition of the relator, which states she is a suitable and proper person to be accorded the privi-

lege of doing business under the statute, and has tendered the bond required, and the privilege has been denied to her without reason, and state the reasons therefor, something more than a mere suggestion, indirectly and obscurely made, that the petitioner is an unfit person to carry on the business, should be returned to this Court, especially when there is no statement that such reason governed the action of the council. The responsibility of meeting the matters of the petition frankly, and giving the true reasons, whatever they may be, for refusing the approval of the bond, rests with the respondents alone. It cannot be cast upon any other body of tribunal, and the common council thereby relieve itself from the discharge of any required duty in ascertaining whether or not the statute has been complied with, or from making proper answer to the order of this Court requiring them to give reasons for any action taken or omitted. Before the relief asked in relator's petition can be denied, which, *prima facie*, shows her entitled thereto, some answer must be made by respondents fully meeting such *prima facie* showing. No such showing has been made; but on the contrary, the order of the Court seems to have been almost entirely ignored, and I fully agree with my brethren that the writ should be granted.