E. GREENBLATT, *Plaintiff in Error*, v. J. R. BISSELL DRY GOODS COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed January 25, 1923.

1. A motion for a new trial and a ruling thereon with an exception duly taken are necessary to question the sufficiency of the evidence to sustain a verdict that has been found, but such a motion is not essential in presenting to the appellate court an assignment of error on a charge directing a verdict, where

the. charge. directing the verdict is duly excepted to when given, and such charge and the exception. thereto are properly authenticated to the appellate court.

2. Where the manifest weight and productive force of the evidence clearly requires a verdict for one party, then the evidence is legally insufficient to support a verdict for the opposite party in the particular issue, within the meaning of the statute, (Sec. 2696, Rev. Gen. Stats. 1920) and the court will not be held in error for directing an appropriate verdict, no error in the case intervening to make the directed verdict erroneous or improper.

A Writ of Error to the Court of Record for Escambia County; C. Moreno Jones, Judge.

Affirmed.

*John P. Stokes* and *Leon N. Lischkoff*, for Plaintiff in Error.

*Watson & Pasco*, for Defendant in Error.

WHITFIELD, J.—In an action of assumpsit for goods sold and delivered there was judgment for the plaintiff on a directed verdict.

On writ of error it is contended that as the evidence was conflicting on a material issue as to whether the goods were purchased in March, 1920, when the defendant was a member of a certain partnership, or in July, 1920, after the defendant had retired from the partnership, the matter should have been submitted to the jury and that it was error to direct a verdict for the plaintiff.

A motion for new trial and a ruling thereon with an exception duly taken are necessary to question the sufficiency

of the evidence to sustain a verdict that has been found, but such a motion is not essential in presenting to the appellate court an assignment of error on a charge directing a verdict, where the charge directing the verdict is duly excepted to when given, and such charge and the exception thereto are properly authenticated to the appellate court. See Section 2811, Rev. Gen. Stats. 1920; Florida East Coast R. Co. v. Peters, 77 Fla. 411, text 421, 83 South. Rep. 559.

While there is testimony that the goods were bought in July, which if not controverted, might sustain a verdict for the defendant, yet there is testimony accompanied by a written sales order admitted in evidence without objection, which tend to establish the fact of an order given for the goods in March. Such evidence considered in the light of the entire evidence in the case is of such probative force that the trial court, to give effect to the manifest weight of the evidence and the justice of the case, may properly have granted a new trial if a verdict had been rendered for the defendant. This being so, the trial court will not be held in error for directing a verdict for the plaintiff, no error of law or matter prejudicing the defendant appearing.

Where the manifest weight and probative force of the evidence clearly requires a verdict for one party, then the evidence is legally insufficient to support a verdict for the opposite party on the particular issue, within the meaning of the statute, (Sec. 2696, Rev. Gen. Stats. 1920) and the court will not be held in error for directing an appropriate verdict, no error in the case intervening to make the directed verdict erroneous or improper. See Stevens v. Tampa Electric Co., 81 Fla. 512, 88 South. Rep. 303: Berryhill-Cromartie Co. v. Manitowoc Shipbuilding & Dry Dock Co., 66 Fla. 170, 63 South. Rep. 720; Bland v.

Fidelity Trust Co., 71 Fla. 499, 71 South. Rep. 630; Campbell v. McLaurin Inv. Co., 74 Fla. 501, 77 South. Rep. 277.

Affrmed.

TAYLOR, C. J., AND ELLIS, BROWNE AND WEST, J. J., concur.