STATE, ex rel. T. M. WALDRON, et al., as Board of Trustees of Special Tax School District No. 22, East Palatka, Putnam County, v. R. R. WILKINSON, et al., as the County Board of Public Instruction of Putnam County.

158 So. 703.

Opinion Filed November 14, 1934.

Petition for Rehearing Denied December 12, 1934.

*Julian C. Calhoun, Richard W. Ervin, Jr.,* and *James H. Millican, Jr.,* for Relators.

*J. V. Walton,* for Respondents.

DAVIS, C. J.—This is an original proceeding in mandamus instituted by the relators, Trustees of a Special Tax School District of Putnam County, Florida, to compel the respondents, members of the County Board of Public Instruction, to officially accept or reject the nomination of Miss Mary Etta Johnson by the Trustees submitted to the County School Board as their nominee for the position of teacher in the East Palatka School within the Special Tax

School District over which relators have supervision, and that in case of the rejection of said nomination for some good and sufficient reason under the law, to allow the relators, as Trustees of Special Tax School District No. 22 of Putnam County to submit a second nomination to fill the position of teacher for which the name of Miss Johnson has been first submitted as a primary nomination.

It was the duty of the respondents as members of the County Board of Public Instruction to reasonably exercise their statutory powers to reject nominations submitted by the Trustees of Special Tax School District No. 22 of Putnam County, and not to arbitrarily ignore or refuse to approve any nominations duly made by the trustees in accordance with the statute. Section 710 C. G. L., 569 R. G. S. And such duty is enforceable by mandamus. State, *ex rel.* Pittman v. Barker, 113 Fla. 865, 152 Sou. Rep. 682; Board of Trustees v. Board of Public Instruction, 116 Fla. 176, 156 Sou. Rep. 318, Bennett v. Barker, 116 Fla. 386, 156 Sou. Rep. 437.

It was also the duty of the respondents, as members of the County Board of Public Instruction to make a proper official record on their minutes of the fact and cause of rejection of all nominations disapproved and to transmit notice of the same to the Special Tax School District Trustees in order that said Trustees might, in accordance with the statute, and in the light of the action of the County School Board, endeavor to make a second nomination of a teacher that would meet the County Board's approval, and such duty is likewise enforceable by mandamus as an incident to the first mentioned duty. Amperse v. City of Kalamazoo, 59 Mich, 78, 26 N. W. Rep. 222, 409.

Therefore the respondents' motion to quash the alternative writ of mandamus will be overruled.

Subject to the motion to quash, however, the respondents have filed a return to the alternative writ in which they set up certain facts tending to show that what has been done by the County Board of Public Instruction in this particular case was done with the knowledge and consent of the relator-trustees, and that, therefore, the relators have no standing to now complain that their right to submit a second teacher's nomination has been ignored. In this connection it is pleaded in substance that the County Board of Public Instruction proceeded to re-employ Mrs. Gladys Bundick for another year after declining, *with the acquiescence of the trustees,* to consider replacing her with any other teacher nominated by the trustees.

If the members of the County Board of Public Instruction were *bona fide* convinced that the re-employment of a qualified teacher who was already capably serving in the particular school was for the best interest of the school system, notwithstanding the fact that the trustees had admittedly nominated another person as teacher, presumably as well qualified, to take the former's position, it cannot be said that such action on the part of the County Board of Public Instruction in refusing to concur in the Trustees' dismissal of a teacher already capably serving the school, is *per se* such an arbitrary or capricious act as to be within the rule of State *ex rel.* Pittman v. Barker, *supra.* Hence, the official discretion of the County School Board in the present case should not be interfered with by mandamus, in the absence of some special allegation showing some deviation from the intent of the law, over and beyond what is complained of in the present case.

The return of the respondents is accordingly held sufficient and the demurrer to same overruled. The motion to strike portions of the return is likewise denied.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

## On Petition for Rehearing.

Per Curiam.—By an opinion filed herein on November 14, 1934, this Court overruled relator's demurrer to respondents' return and denied relators' motion to strike certain portions of respondents' return. A petition for a rehearing suggests that the Court misapprehended the issues raised by the pleadings, and that the Court has in effect overruled its recent decision in the case of State, *ex rel.* Pittman, v. Barker, 113 Fla. 865, 152 Sou. Rep. 682.

The initial command of the alternative writ of mandamus was a direction to respondents to meet in session as a Board of Public Instruction and thereupon declare null and void, and forthwith cancel, the teacher's contract that the Board had theretofore made with Mrs. Gladys Bundick to teach in East Palatka School for the school term 1934-1935.

As a legal as well as practical reason for not complying with the foregoing command, the respondents, as members of the Board of Public Instruction of Putnam County, returned by way of an answer that the contract with Mrs. Bundick had been made by the School Board with the knowledge and consent of the relator-trustees after the members of the Board of Public Instruction had indicated to the Trustees their disinclination to approve the trustees' recommendation for a change in teachers by way of the recommended appointment of Miss Mary Etta Johnson as a teacher in lieu of Mrs. Bundick.

The return must be accepted as the truth in all of its well pleaded allegations.

These allegations are unequivocally to the effect that the School Board called and held a meeting to which two of the Trustees, Mr. Waldron and Mr. Howsare, were summoned and appeared and discussed with the School Board the Trustees' nomination of Miss Johnson to take Mrs. Bundick's place. The return also avers that at this confer-

ence there was considered an almost unanimous petition of patrons of the East Palatka School to have Mrs. Bundick re-employed for another year; that at said meetings Mr. Waldron and Mr. Howsare stated that one of their reasons, if not their principal reason, for recommending the employment of Miss Johnson in lieu of Mrs. Bundick was that Mrs. Bundick was married and did not need the job; that as a result of the conference between the two Trustees and all of the members of the County School Board, that the Trustees thereupon concluded the issue by saying, "As far as we are concerned we leave the matter strictly up to the Board *and whatever the Board does will be satisfactory to us*"; that thereupon, the matter having been thus "left up to" the County School Board, said Board decided to make a teacher's contract with Mrs. Bundick, which relators in this proceeding now ask to have nullified and cancelled as absolutely void.

This Court has neither expressly nor *sub silento* overruled its decision in State, *ex rel.* Pittman, v. Barker, *supra,* as suggested in the petition for a rehearing.

That case holds that it is an abuse of power for school authorities to deny employment to a competent and qualified school teacher merely because she is a married woman or does not need the job. In this case the Trustees and not the County School Board appear to have ignored that consideration, but the principle of the thing is the same.

If the Trustees admitted to the County School Board in joint official conference, as the answer of the School Board members specifically alleges, that their principal objection to Mrs. Bundick was her lack of celibacy and lack of financial disability, and thereupon the matter was submitted by the two Trustees to be decided on that basis by the School Board as between Mrs. Bundick, who was presumptively the Trustees' former nominee for the previous school

year, and Miss Johnson, the Trustees' present nominee, both of whom are undeniably capable and qualified as school teachers, it cannot be said that the action of the School Board in deciding to re-employ Mrs. Bundick under such circumstances was either so arbitrary or such an illegal assumption of power, that her contract should be summarily cancelled in a mandamus proceeding in which she can not be accorded the privilege of defending her rights as required under such circumstances.

This is not to hold that Mrs. Bundick would be a necessary party to this proceeding if in fact her contract were shown to have been made in utter disregard of the statutes and was therefore absolutely void.

An absolutely void transaction could be reached by acting directly upon the School Board, as the author of its being by requiring it to recall its unauthorized or illegal contract. And under such circumstances no third party could acquire rights in the premises of greater legal dignity than the law would warrant the School Board in attempting to give.

But in this case the most that can be said against the action of the County School Board is that its proceedings had were irregular, not void. Hence the contract with Mrs. Bundick having been shown to have been made under such circumstances as the return alleges, is not subject to summary denunciation as void in a proceeding of this kind. So the answer was a good return sufficient to show a valid reason for not complying with the command of the alternative writ of mandamus as framed.

Rehearing denied.

Davis, C. J., and Whitfield, Terrell and Buford, J. J., concur.