WALTER REVELL, as Chairman, COMMODORE TAFF, and A. M. ALEXANDER, Members and Constituting the Board of Public Instruction of Wakulla County, and A. R. PEARCE, as County Superintendent of Public Instruction of Wakulla County, v. STATE, *ex rel.* MRS. LETHE HOWARD, a Widow.

177 So. 623.

Opinion Filed November 16, 1937.

Rehearing Denied January 5, 1938.

*C. L. Waller, Claude Pepper, B. A. Meginn ss* and *A. L. Porter,* for Plaintiffs in Error;

*Clyde W. Atkinson* and *J. Lewis Hall,* for Defendant in Error.

CHAPMAN, J.—The parties to this suit will be referred to as they appeared in the court below as relators and respondents. On July 28, 1936, relators filed in the Circuit Court of Wakulla County, Florida, a petition for an alternative writ of mandamus, and alleged the trustees of Special Tax School District Number Seven of the Crawford-ville public school in and for Wakulla County on the 6th day of July, 1936, had the lawful authority to recommend to the County Board of Public Instruction a teacher for the fourth grade for the school year 1936-1937, and did recommend therefor Mrs. Lethe Howard; that she was qualified under the laws of Florida to teach in the public school and the County Board of Public Instruction of Wakulla County, unlawfully, without justification or excuse refused to elect relator to be teacher of the fourth grade of Crawfordville public school for the year 1936-1937, and that no reason therefor was offered or made except political, for the rejection of Mrs. Lethe Howard, neither was any lawful reason given or offered on the part of the Board of Public Instruction for not following the nomination as made to it by the trustees of said school district. The petition was

sworn to on July 28, 1936, the lower court ordered the issuance of an alternative writ of mandamus returnable August 10, 1936. The alternative writ followed substantially the material allegations appearing in the original petition.

On August 5, 1936, respondents filed an answer to the alternative writ in which paragraphs 2, 3, 4 and 5 thereof were admitted. It was alleged in the answer that two members of the Board of Trustees on July 6, 1936, submitted to the Board of Public Instruction a list of names for the Crawfordville public school for the years 1936-1937 which contained the name of Mrs. Lethe Howard. Prior to action by the Board the Trustees withdrew the name of Mrs. Lethe Howard and recommended and submitted a new list without the name of Mrs. Lethe Howard, and her previous recommendation to the Board by the Trustees was withdrawn; that one Thad Hollingworth was recommended for the fourth grade of the Crawfordville public school and Mrs. Lethe Howard for another place not in the Seventh District, but in Wakulla County, Florida. The answer was sworn to by members of the School Board and Superintendent of Public Instruction. The purported minutes of the School Board appertaining to the said transaction were attached to the answer.

On August 10, 1936, the lower court by consent of counsel of record for the parties appointed Mary McDonald, Examiner, with instructions to take the testimony and proofs and report the same to the Court. Pursuant thereto the testimony was taken and the lower court considered the same and on August 29, 1936, and ordered that a peremptory writ do issue and that respondents pay all costs of the proceedings. The peremptory writ or final judgment was duly entered as ordered and served upon counsel for respondents; a motion was made by respondents for a new trial and the

same overruled and denied, a bill of exceptions was duly prepared and signed and writ of error was obtained, the transcript of the record filed here with a number of assignments of error presented for the reversal of the judgment.

The question to be settled in this cause is whether or not from the facts proven the Board of Public Instruction of Wakulla County was required as a matter of law to follow the recommendations of the two Trustees of Special Tax School District Number Seven of Wakulla County and appoint Mrs. Lethe Howard as teacher to the fourth grade of the Crawfordville public school for the school year 1936-1937, or may members of the Board of Public Instruction for some whimsical, fanciful or political reason set at naught such recommendation and appoint some ally, friend or associate without regard to preferences of said Trustees.

The statutory law prescribing the duties of a Board of Public Instruction of a county and of Trustees of a Special Tax School District is Section 710 C. G. L., viz.:

"All public schools conducted within a special tax school district shall be under the direction and control of the county board of public instruction and county superintendent as in other districts, and subject to the same laws, rules and regulations prescribed for the conduct of other schools, except that the trustees shall have the power to nominate to the county board of public instruction teachers for all schools within such special district: Provided, that no person be nominated for teacher who does not hold a teacher's certificate unimpaired by suspension, revocation or limitation, or that will not remain in full force for the term of school, and obtained in compliance with the laws of this State. The county board of public instruction shall have the right to reject any teacher nominated, and in case the second nomination of a teacher for any position be not rati-

fied, the said board shall then proceed, on its own motion, to fill vacancies in the teaching force in the special tax school district."

This Court in construing Section 710, *supra,* in the case of State, *ex rel.* Pittman, v. Barker, 113 Fla. 865, text pages 868-9, 152 Sou. Rep. 682, pointed out that the Board of Public Instruction is vested with powers of direction and control, but the power to nominate teachers for all schools in the district was vested in the trustees. While the board upon receipt of the recommendations has a right to reject the nominees of the trustees, such rejection must rest on some dereliction in qualifications:

"To nominate means to name, designate or propose for election or appointment and here the statute in terms requires that the teacher named have the legal requisites to teach. The nomination here referred to may be likened to a nomination in a primary for State or county office or to the nomination of an executive committee or council either of which is binding in the absence of a showing of disqualification or that the nomination was illegally secured.

"Trustees are responsible for the supervision of the schools within their district, they are vested with other important duties pertaining to them as pointed out by the statutes herein listed and are prohibited from nominating a teacher who does not possess the statutory and other qualifications laid on her. In view of this state of the law we are impelled to the conclusion that the nomination of the trustees must mean something more than an empty gesture to be cast aside at the caprice of the board of public instruction.

"The Legislature has seen fit to safeguard the school system and the appointment of teachers with rigid impositions. Exceptional requirements are imposed on candidates to

teach before they are eligible to pursue their profession. In addition to moral, educational, and other qualifications, they must demonstrate ability to teach, discipline, and guide the youth if they would continue in their positions. The policy of the law is to remove the school system and the employment of teachers from political considerations and place the teacher and the school squarely on the merit system. Appointment of teachers is in no sense a reward for political favors as is sometimes the case in appointments to civil offices. State, *ex rel*. Robinson, v. Keefe, 111 Fla. 701, 149 So. 638."

If we apply the principles enunciated to the facts proven, the reason for the rejection of Mrs. Lethe Howard by the members of the board was not because she did not have and possess the educational qualifications, as she held a first grade certificate, had taught some three or four years, her services were desired by the trustees of the Crawfordville school, her morals and character qualifications were above reproach. It seems that the statute, *supra,* controlling each board makes exceptions for moral and character delinquencies, if any, and this transcript is silent on these different points.

This Court, in the case of State, *ex rel*. Waldron, v. Wilkinson, 117 Fla. 463, text p. 465, 158 Sou. Rep. 703, construing Section 710, *supra,* said:

"It was the duty of the respondents as members of the County Board of Public Instruction to reasonably exercise their statutory powers to reject nominations submitted by the Trustees of Special Tax School District No. 22 of Putnam County, and not to arbitrarily ignore or refuse to approve any nominations duly made by the trustees in accordance with the statute. Section 710 C. G. L., 569 R. G. S. And such duty is enforceable by mandamus. State,

*ex rel.* Pittman, v. Barker, 113 Fla. 865, 152 Sou. Rep 682; Board of Trustees v. Board of Public Instruction, 116 Fla. 176, 156 Sou. Rep. 318; Bennett v. Barker, 116 Fla. 386, 156 Sou. Rep. 437.

"It was also the duty of the respondents, as members of the County Board of Public Instruction to make a proper official record on their minutes of the fact and cause of rejection of all nominations disapproved and to transmit notice of the same to the Special Tax School District Trustees in order that said Trustees might, in accordance with the statute, and in the light of the action of the County School Board, endeavor to make a second nomination of a teacher that would meet the County Board's approval, and such duty is likewise enforceable by mandamus as an incident to the first mentioned duty. Amperse v. City of Kalamazoo, 59 Mich. 78, 26 N. W. Rep. 222, 409."

It is argued here that the issues should have been submitted to a jury with appropriate instructions. An examination of the record shows that counsel joined in a request for the appointment by the lower court of an Examiner and shortly after the evidence was received they appeared before the court on the evidence taken and at no place has it been made to appear that a jury was wanted or requested in the lower court. The evidence fully sustains the judgment entered and the judgment appealed from is hereby affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.