W. E. VASSAR, *et al.*, v. STATE *ex rel.* WILLIE M. GLEASON, *et al.*

190 So. 434
Opinion Filed July 7, 1939

214

*E. O. Denison,* for Plaintiff in Error;

*D. C. Smith,* for Defendant in Error.

Buford, J.—The writ of error brings for review judgment awarding peremptory writ of mandamus against the Board of Public Instruction of St. Lucie County requiring said Board to "assemble forthwith and without undue delay, meet and appoint the said A. B. Connor as supervising principal of St. Lucie County high and grade school for the ensuing scholastic year of 1938-1939, and that the above named respondents, each and all of them, are hereby required to make, approve and sign all necessary motions, resolutions, papers and other documents requisite to the full compliance of the above commands of this writ.

"It Is Further Ordered and Adjudged that all costs herein in the sum of $403.35, to be taxed by the Clerk shall be paid by the respondents.

"Done and Ordered at Titusville, Brevard County, Florida, this 7th day of September, A. D. 1938."

The plaintiffs in error state two questions for our consideration. The first is:

"Does Chapter 4678, Acts of 1899, Laws of Florida, contemplate that in a County which is entirely divided into Special Tax School Districts and in which County there is located a single County High School, the supervising powers of the trustees of the district in which the High School happens to be located extend to the selection of the principal for the High School without regard as to who maintains said High School,"

The second question is:

"When a motion to strike portions of the Answer and Return to an Alternative Writ of Mandamus is denied and the allegations contained in those portions of the Answer to which the Motion was directed are proven, should Peremptory Writ of Mandamus issue?"

We will answer the second question first. That question involves assignments of error 7, 8, 9 and 10, which are stated as follows:

"*Assignment of Error No. 7.*—The Court erred in issuing the Peremptory Writ of Mandamus because the Court had no proper evidence before it upon which to base said writ.

"*Assignment of Error No. 8.*—The Court erred in issuing the Peremptory Writ of Mandamus because the weight of evidence showed that the respondents had sustained every material allegation of their answer.

"*Assignment of Error No. 9.*—The Court erred in issuing the Peremptory Writ of Mandamus because the Peremptory Writ is not suported by the evidence.

"*Assignment of Error No. 10.*—The Court erred in issuing the Peremptory Writ of Mandamus for the reason that the Court admitted evidence over the objection of respondents."

Mandamus is a common law action and review of mandamus proceedings on writ of error is governed by common law rules.

There was no motion for new trial filed in this case. Therefore, the questions presented by these assignments of error were not presented in motion for new trial presented in the trial court.

Dr. Crandall in his Florida Common Law Practice, Sec. 480, page 711, says:

"The motion for a new trial is necessary, however, as in all cases where the question is one upon which the trial court has not had the opportunity of passing; such as whether the verdict is contrary to the weight of the evidence, or whether a new trial should be awarded for newly discovered evidence. A motion for a new trial, timely made in proper form forces a judicial decision of the trial judge to which an exception may be taken, and the motion, ruling and exception made a part of the record by incorporating the same into the bill of exceptions. Error may then be assigned upon the rulings on the motion to which exception has been taken. In this way a review of such questions as whether the verdict is contrary to the weight of evidence, may be secured in the Supreme Court."

In support of the text the author cites:

"Seaboard Air Line R. Co. v. Anderson, 73 Fla. 1, 73 Sou. 837; Seaboard Air Line R. Co. v. Minor, 82 Fla. 492, 90 So. 611; Fla. E. Coast R. Co. v. Peters, 77 Fla. 411, 83 Sou. 559; Grenblatt v. J. R. Bissell Dry Goods Co., 85 Fla. 83, 95 Sou. 302; Davis v. State, 91 Fla. 512, 107 Sou. 632, which will be bound in point.

In the case of Manatee County State Bank v. Wade, *et al.,* 56 Fla. 492, 47 Sou. 927, it was held:

"In order for the appellate court upon writ of error to

review the sufficiency of the evidence to sustain the verdict or finding a motion for a new trial upon that ground should be duly presented to and acted upon by the trial court which motion and the order made thereon and the exception taken should be evidenced to the appellate court by a proper bill of exceptions; and the facts that the trial was by the judge without a jury, and that the finding and judgment were excepted to, do not dispense with the necessity for a motion for new trial."

In the case of E. Greenblatt v. J. R. Bissell Dry Goods Co., 85 Fla. 83, 95 Sou. 302, it was held:

"A motion for a new trial and a ruling thereon with an exception duly taken are necessary to question the sufficiency of the evidence to sustain a verdict that has been found, but such a motion is not essential in presenting to the appellate court an assignment of error on a charge directing a verdict, where the charge directing the verdict is duly excepted to when given, and such charge and the exception thereto are properly authenticated to the appellate court."

The plaintiff in error contends that errors were made by the court below in failing to rule on respondents' objections to the introduction of certain testimony and that the court erred in admitting evidence over the objection of the respondents. The bill of exceptions included in the transcript of record shows that the respondents did object to certain testimony taken before Special Examiner but there is no showing in the record that the respondents either insisted upon any ruling by the Circuit Court upon these objections, nor does the record show that the Circuit Judge ruled on such objections. Therefore, they can not be considered here. See 26 R. C. L. 1055, 64 C. J. 221.

We now revert to the first question stated. Section 569 R. G. C., 710 C. G. L., provides as follows:

"All public schools conducted within a special tax school

district shall be under the direction and control of the county board of public instruction and county superintendent as in other districts, and subject to the same laws, rules and regulations prescribed for the conduct of other schools, except that the trustees shall have the power to nominate to the county board of public instruction teachers for all schools within such special district: * * *"

The force and effect of this statute has been construed by us in a number of cases. See Graves, Supt. of Public Instruction for Hendry County, et al., v. State ex rel. Hampton, 134 Fla. 543, 184 Sou. 112; Revel v. State ex rel. Howard, 130 Fla. 242, 177 Sou. 623; State ex rel. Pitman v. Barker, 118 Fla. 380, 160 Sou. 362; State ex rel. Pitman v. Barker, 113 Fla. 865, 152 Sou. 682, · 94 A. L. R. 1481; State ex rel. Waldron v. Wilkinson, 117 Fla. 463, 158 Sou. 703.

There is no exception made in the statute which will have the effect of taking the school involved in this case out of the rules stated by us in the opinions and judgments in the cases cited, supra.

In the case of Board of Trustees of Special Tax School District No. 6 of Orange County v. Board of Public Instruction of Orange County, 116 Fla. 176, 156 Sou. 318, we said:

"The contention that the trustees of a special tax school district have no right to nominate a teacher to be principal for a school or schools of a special tax school district can not be sustained. Whether one be employed as a teacher in the ranks in the school system, or in an advanced grade amounting to a supervising instructor, he is nevertheless a teacher, and the provisions of Section 710 C. G. L., 569 R. G. S., are applicable, and the rule laid down in State ex rel. Pittman v. Barker, 113 Fla. 865, 152 Sou. Rep. 682, will govern the rights of the parties interested."

The authority to nominate teachers to be employed in schools of special tax school districts has been vested by the Legislature in the trustees of such districts. The fact is established beyond question that the school involved here is a public school located in a special tax school district. That school is under the direction and control of the County Board of Public Instruction and the County Superintendent, except "that the trustees shall have the power to nominate to the County Board of Public Instruction teachers for all schools within such special district."

The question as to what *modus operandi* has been resorted to in the effort to procure money for the construction of buildings or the payment of other expenses, can have no effect on the power of the trustees to nominate teachers, which nominees the County Board of Public Instruction is bound to employ and appoint, unless there exists good reason for the non-appointment and nonemployment of such teachers. See cases hereinbefore cited.

The judgment should be affirmed and it is so ordered.

Affirmed.

TERRELL, C. J., WHITFIELD, BROWN and CHAPMAN, J. J., concur.

THOMAS, not participating.