T. E. Blackburn, Superintendent of Public Instruction, Hardee County, and I. G. Royal, J. S. Cordell and J. S. Carlton, Sr., Being and Constituting the Board of Public Instruction of Hardee County, v. State *ex rel.* Joe Roberts, Bill Woods, Dolan Farabee, Trustees of the Oak Grove Special Tax School District of Hardee County, and Bessie Woods.

191 So. 48
Division A
Opinion Filed September 15, 1939

W. W. Whitehurst, for Appellants;

I. P. Barlow, for Appellees.

THOMAS, J.—According to the allegations of the alternative writ as amended the trustees of a special school district recommended one Raymond Phillips and the relator Bessie Woods as teachers in the school of the district, the former to be principal and the latter as assistant principal. Phillips was rejected as principal whereupon an immediate recommendation was made of the same parties with the positions reversed. The nomination of the above relator as assistant principal was withdrawn before it was determined by the board of public instruction and the board failed to appoint her to the position of principal.

The return alleges that the trustees endorsed Bessie Woods for the place of assistant principal and that the nomination was immediately honored and the appointment made; that the nominee accepted the post; that no nomination of any person except Phillips for the principalship was ever made by the trustees.

After taking testimony relevant to these pleadings a peremptory writ was issued commanding respondents to appoint Bessie Woods principal of the school and cancel her contract as assistant.

We see no need to disturb the judgment of the Circuit Court. It was developed in the case that the trustees, as

was their right under Sec. 569 R. G. S. 1920, 710 C. G. L. 1927, named the persons they wished employed to teach in their district. A fair and reasonable construction of the recommendations made (this is fully substantiated by the testimony), is that Phillips was preferred as principal and Bessie Woods as assistant. In the event of any obstacle in the way of such an arrangement the latter was their choice for principal and the former for the other place. The board named one who had never been endorsed for the primary post and for the secondary position employed Bessie Woods. This, in our opinion, was a circumvention of the wishes of the trustees clearly expressed.

No nicety of form or procedure appears necessary to secure to the trustees their right to select the teachers to serve in their districts, the statute prescribing, quite simply, " * * * the trustees shall have the power to nominate to the county board of public instruction teachers for all schools within such special district."

During the present term of this Court the authority of trustees to nominate a supervising principal of a school situated within their district was discussed and sustained and the ruling in Board of Trustees of Special Tax School District No. 6 of Orange County v. Board of Public Instruction of Orange County, 116 Fla. 176, 156 South. Rep. 318, reapproved. See Vassar v. State *ex rel.* Gleason, 139 Fla. 213, 190 South. Rep. 434.

We decide that the trustees appearing here had this power and exercised it in such fashion as to leave no doubt of their choice. The representation that Bessie Woods accepted a teacher's position, hence could not be heard to complain that she was not the recipient of the appointment to the higher place, is beside the point. She was selected by those having the duty and power of election and when

Phillips was ignored for the position it was not proper on the part of the board to name another in disregard of the will of the trustees.

No error appearing, the judgment is affirmed.

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.