STATE, *ex rel.* R. G. PITMAN v. GEORGE A. BARKER, *et al.*, as and Constituting the Board of Public Instruction of Orange County.

160 So. 362.

Division B.

Opinion Filed February 9, 1935.

Rehearing Denied March 14, 1935.

*Tilden, Hansen & Andersen* and *George P. Garrett,* for Plaintiff in Error;

*G. Ben Fishback* and *Maguire & Voorhis,* for Defendants in Error.

TERRELL, J.—Alternative writ of mandamus was issued in this cause on relation of appellant commanding the Board of Public Instruction of Orange County, appellees, to appoint or assign R. G. Pittman as principal of Ocoee Schools for the term beginning in September, 1934, or to show cause why they do not comply with such command. A return to the alternative writ was duly entered, Hon. Warren B. Parks, to whom the cause was referred, was appointed referee, much testimony was taken, and on final hearing the referee quashed the alternative writ. To said judgment this writ of error was prosecuted.

In the outset it is contended by appellees that since no bill of exceptions was settled and brought up this Court cannot now assume to adjudicate and pass on all the questions raised. If there were a variance of view as to the findings of the referee on which his order quashing the alternative writ was predicated there would be substance to this contention, but the appellant accepts as correct the referee's finding. He complains here of the rule of law as applied to the finding of fact. In this view of the case it was not necessary to settle and bring up a bill of exceptions. If this practice were followed more the labor and cost of appellate procedure would be much reduced.

Numerous questions are brought up for consideration, but we think the cause turns on one question, viz.: Under the facts in this case did the Board of Public Instruction of Orange County reasonably and legally exercise its discretion to reject the nomination of R. G. Pittman as principal of Ocoee Schools?

The record discloses that Pittman was a man of high character and a teacher and school executive of pronounced

ability, that he possessed the legal and moral qualifications required to teach, but that his nomination was rejected because of some disharmony that existed in the community.

In State, *ex rel.* Pittman v. Barker, 113 Fla. 865, 152 Sou. 682, this Court held that the Board of Public Instruction may reject the nominee of the trustees of a special tax school district, but that such rejection must be properly predicated. It cannot be capriciously or unreasonably exercised.

In State, *ex rel.* Pittman v. Barker, *supra,* we reviewed *in extenso* the law defining the power and duty of both trustees of special tax school districts and Boards of Public Instruction in this State. On this point we can add nothing to what was said in that case. Sections Ten and Seventeen, Article Twelve, of the Constitution; Section 568, Revised General Statutes of 1920, Section 709, Compiled General Laws of 1927; Section 576, Revised General Statutes of 1920, Section 717, Compiled General Laws of 1927; and Section 570, Revised General Statutes of 1920, Section 711, Compiled General Laws of 1927, are the applicable law.

Under these provisions of the law when considered together there is a clear field of operation for the Board of Public Instruction and the trustees of special tax school districts. Boards of Public Instruction are given the general supervision and control of schools and school interests in the county and may for good cause shown reject the nomination of the trustees of a special tax school district of a teacher to fill any position in the county.

Disharmony in the community is no ground whatever for the Board of Public Instruction to reject the nomination of the trustees of a special tax school district unless that disharmony materially affects the school interests of the county generally. When the trustees of a special tax school dis-

trict nominate a teacher who is legally and morally qualified the question of his suitability to the community and other qualities that go solely to his adaptability are questions for the trustees to settle and when done the Board of Public Instruction has no right to inquire into them.

In refusing to appoint or approve the nomination of Pittman on the grounds alleged the appellees were dealing with an affair that was not their function to determine. The judgment below is accordingly reversed with directions to grant the peremptory writ.

Reversed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.