STATE, *ex rel.* J. H. Bonner, Cornelius Richardson, E. E. N. Wallace, as and constituting the Trustees of Special School Tax District No. 9, Palm Beach County, Florida, and GEORGE M. SAMPSON, v. J. C. ENGRAM, CECIL CORNELIUS and A. HOWELL, as and constituting the County Board of Public Instruction of Palm Beach County.

168 So. 837.
Division B.
Opinion Filed June 11, 1936.

*A. R. Johnson,* for Plaintiffs in Error;

*C. D. Blackwell,* for Defendants in Error.

DAVIS, J.—The judgment in this case refusing a peremptory writ of mandamus to compel a County Board of Public Instruction to employ a teacher recommended by

the Trustees of Special Tax School District No. 9 of Palm Beach County has been reviewed and found not to be based on any legal views inconsistent with the principles of law established in State, *ex rel.* Pittman, v. Barker, 113 Fla. 865, 152 Sou. Rep. 682, and State, *ex rel.* Pittman, v. Barker, 118 Fla. 380, 160 Sou. Rep. 362.

The return avers, and the motion for a peremptory writ of mandamus admits to be true, the positive allegation of the return of the respondents, members of the County School Board, that upon investigation the Board had learned, and it was their *bona fide* opinion and judgment, that the relator trustees were insisting upon the appointment of the recommended teacher as a step toward undermining the already employed principal of the particular school in question in this case; also that the teacher recommended by the trustees was, in the judgment of the school board, because of his personality and attitude as a teacher, although academically and otherwise qualified to teach, not an acceptable appointee for the particular school. It is furthermore inferable from the proceedings that this was an original recommendation for appointment and not one recommending reappointment of a teacher where a proven teaching record of past performance might cast a greater responsibility on the county board to sustain a rejection of the trustee's recommendation than would otherwise be the case.

The alternative writ shows a minute entry of the Palm Beach County Board of Public Instruction reading as follows:

"On motion of Mr. Cornelius, seconded by Mr. Howell, recommendation of Trustees of District No. 9 for the appointment of G. M. Sampson to teach in the Industrial High School was not accepted, the Board being convinced that the

appointment of Sampson would bring an influence into the community that would be detrimental to the progress and best interest of the community. This conviction was supported by the following letters from D. E. Williams, State Agent for Negro Schools, and Mr. Fons A. Hathaway, former Superintendent of Public Instruction in Duval County:

"FEDERAL HOUSING ADMINISTRATION

Jacksonville, Florida, August 5, 1935.

"Mr. Joe A. Youngblood, Supt.

The Board of Public Instruction

Palm Beach County,

West Palm Beach, Florida.

"My dear Mr. Youngblood:

"Acknowledging receipt of your inquiry of July 23 with reference to George M. Simpson; will state that this party was employed to fill the position of Principal of Staunton High School here in Jacksonville with my recommendation some years ago.

"Sampson was reared and educated in the North. We did not like his attitude and unless he has learned something since he taught in Jacksonville, I am sure you would not want him in your school system.

"Yours truly,

"FONS A. HATHAWAY, State Director."

"FAH:v."

"STATE OF FLORIDA
Department of Public Instruction

Tallahassee, July 25, 1935.

"Mr. Joe A. Youngblood
County Superintendent
Public Instruction
West Palm Beach, Florida.

"Dear Mr. Youngblood:

"I had received a letter from Prof. George M. Sampson, asking me to recommend him for a position. I did not send him a letter of recommendation for the reason that such recommendations are usually worthless and sometimes mishandled. I told him that I would say a good word for him to superintendents considering him for a special job. In view of all of the conditions that enter into the consideration of him for a position in Industrial High School I think it would be unwise to employ him in the capacity of Instructor there, and I cannot recommend him for a position there. With best wishes, I am

"Cordially yours,

"D. E. WILLAMS, State Agent."

"DEW:GS"

Such entry, especially when read in connection with the allegations of respondents' return that the motion for peremptory writ of mandamus admits to be true, is ample to sustain the action of the Circuit Court in refusing to interfere with the judgment of the County Schoool Board in rejecting the nomination of the Trustees of Special Tax School District No. 9 as to the teacher, G. M. Sampson.

Affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.