STATE, *ex rel.* E. W. CARTER, v. REUEL PLATT, R. D. STEVENSON and D. A. STORMS, as and constituting the Board of Public Instruction for Pasco County.

179 So. 408.
Division A.
Opinion Filed February 26, 1938.

*Charles F. Blake*, for Relator;

*J. D. Geiger* and *Dayton, Dayton & Dayton*, for Respondents.

PER CURIAM.—The relator, E. W. Carter, was twice nominated by the Board of Trustees to be principal of Pierce Grammar School in Special Tax School District No. 32, Pasco County, Florida. His nomination was each time rejected by the Board of Public Instruction.

In June, 1937, on his petition, alternative writ of mandamus was issued from this Court directed to the Board of Public Instruction·of Pasco County commanding them to approve the nomination of Relator as principal of Pierce Grammar School or show cause why they refuse to do so. The Respondents, as Board of Public Instruction, filed their return in which they admit the material allegations of the alternative writ but as grounds for rejecting his nomination as principal of Pierce Grammar School, they say that he had been guilty of "alleged acts of insubordination on the part of the said E. W. Carter during the past term and his further activities designed to incite the teachers of his said school to strike and cause said teachers to become antagonistic to the Board." By reason of which the Board concluded and found as a fact and so recorded in their minutes rejecting his nomination, that the appointment of said Carter would be injurious and detrimental to the general school interests of Pasco County. Copy of the minutes duly certified was made part of the return. The cause

now comes on to be adjudicated on the issue made by the motion for peremptory writ notwithstanding the return.

Under the law of this State, the power to nominate teachers for the public schools is vested in the Board of Trustees of the Special Tax School Districts and it becomes the duty of the Board of Public Instruction to appoint those so nominated if they are legally, morally and professionally qualified and no legal cause is shown for their rejection. State, *ex rel.* Pittman, v. Barker, *et al.,* 118 Fla. 380, 160 Sou. 362, and cases cited.

The law being thus settled, the sole question with which we are confronted here is whether or not the return sets up a legal ground or grounds for rejecting Relator's nomination.

It is admitted that Relator has taught in the public schools of Pasco County for several years and that he is otherwise legally and professionally qualified but it is charged that he is guilty of "alleged acts of insubordination" and other "activities designed to incite the teachers of his said school to strike and cause said teachers to become antagonistic to the Board." We have no intimation as to what these "activities" and "alleged acts of insubordination" consisted in.

The Board of Public Instruction would certainly be authorized to protect the public schools against acts of insubordination of any kind but the teacher against whom such charges are lodged is entitled to have them clothed in terms so definite and specific that he may know what he is charged with and defend against them.

To charge a teacher with "alleged acts of insubordination" or "activities designed to incite the teachers of his said school to strike," is wide of the mark and too abstract to put the one charged on notice of what he is expected to

refute. Accurate pleading requires that such charges be concretely stated that the accused may defend himself and that a court may adjudicate their merits.

The respondents failed to do this. They are allowed ten days in which to amend their return; otherwise the motion for peremptory writ notwithstanding the return, will be granted.

It is so ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.