STATE *ex rel.* R. D. ALTMAN v. W. A. ARNOLD, *et al.*
191 So. 71
En Banc
Opinion Filed September 22, 1939
Rehearing Denied October 4, 1939

*B. K. Roberts* and *H. H. Wells,* for Relator;

*Clyde W. Atkinson,* for Respondents.

CHAPMAN, J.—This is a case of original jurisdiction. The relator, on May 1, 1939, was nominated by the Trustees of Special Tax School District No. 4 of Wakulla County, Florida, as principal of the Sopchoppy High School for the school year beginning during the Fall of 1939. On June 5, 1939, the County Board of Public Instruction of Wakulla County, Florida, acted thereon, approved the nomination of the relator to teach as principal of the Sopchoppy High School for the school year beginning July 1, 1939, and the position was accepted by the relator.

On May 2, 1939, an election was held and different trustees were elected for Special Tax School District No. 4 for Wakulla County. The trustees so elected, on May 8, 1939, nominated Mr. H. V. Ashmore to the position of principal of the Sopchoppy High School for the school year beginning July 1, 1939. The Board of Public Instruction of Wakulla County, Florida, on July 24, 1939, by a vote of two to one, adopted a resolution rescinding and making

null and void its resolution adopted under date of June 5, 1939, whereby the relator was employed to teach as principal of the Sopchoppy High School for the school year beginning July 1, 1939, and adopted the nomination of the newly elected trustees whereby H. V. Ashmore would teach as principal of the Sopchoppy High School for the school year 1939-1940.

The relator contends that the action of the board of public instruction under date of June 5, 1939, in approving his nomination as made by the trustees, in law is a contract which the board was without power to rescind or cancel as attempted so to do under date of July 24, 1939. It is the contention of the respondents that after the election of the trustees on May 2, 1939, the power to nominate the principal of the Sopchoppy High School for the same year 1939-1940, as a matter of law was in the trustees recently elected and not in the former trustees nominating the relator.

It is the settled law of Florida that the power to nominate teachers is vested in the board of trustees of the special tax school districts and when made it becomes the duty of the board of public instruction to appoint those so nominated, provided those nominated are legally, morally and professionally qualified and no legal cause is shown for their rejection. See State *ex rel.* Pitman v. Barker, 118 Fla. 380, 160 So. 362; State *ex rel.* Carter v. Platt, 131 Fla. 240, 179 So. 408; Board of Trustees of Special Tax School Dist. No. 6 v. Board of Public Inst. of Orange County, 116 Fla. 176, 156 So. 318.

The voters of Florida adopted at the general election of 1922 Amended Section 10 of Article XII of the Constitution of Florida, which authorized the Legislature to create or establish special tax school districts in any county or counties of Florida; it likewise created or established the office

of school trustees to be elected biennially and provided that their term of office should exist for a period of two years, and that the trustees should have supervision of all the schools within the special tax school district. There is no provision therein contained prescribing the time when the trustees so elected should assume or take over the duties of the office as trustees and the provision, *supra,* is silent also as to the time when the term of two years expires, but their duties are well defined by said provision.

Section 700 C. G. L. defines a special tax school district. Section 701 makes it the duty of the board of public instruction of any county to order an election on a petition to determine whether or not a special tax school district shall be established with power to levy taxes on the property situated in the district. It provides for the election of trustees for the special tax school districts, and that after their said election by the voters of the district, the trustees shall serve *for the next ensuing two years.* Section 708 C. G. L., provides for an election biennially in special tax school districts, after the same are established, to determine: (a) who shall be trustees *for the next succeeding two years;* (b) the number of mills of district school tax shall be levied; and (c) the duties of the trustees and the board of public instruction are defined.

The official duties of trustees of special tax school districts have been fully defined by the Constitution and legislative enactment, the term of office fixed at two years, and the time of the beginning and expiration of the two-year terms not having been heretofore fixed at the same time, we have knowledge of the fact that at the recent session of the Legislature a school code was enacted in which it was provided that hereafter these terms begin on the 1st of January.

The question of which board of trustees was in office at the time recommendations for teachers in Sopchoppy School were made is not material in this case. The old board recommended relator when it was in office and the board of public instruction, on the 5th day of June, 1939, adopted the nomination and immediately the relator accepted the election, a contract then and there came into existence by the terms of which the relator was to teach as principal of the Sopchoppy High School for the school year 1939-1940. The trustees elected on May 2, 1939, were without authority or power to nominate teachers for the Sopchoppy school, and the Board of Public Instruction of Wakulla County having previously entered into a contract with the relator to teach as principal of the Sopchoppy High School for the school year 1939-1940 likewise was without power or authority to rescind or terminate its contract previously entered into on June 5, 1939, as attempted on July 24, 1939, unless the relator was professionally, morally or legally disqualified to act as principal of the Sopchoppy High School for the school year 1939-1940.

It is admitted on the record that the relator holds a B.S. degree issued by the University of Florida and has taught for several years in the public schools of this State and a portion of the time as principal of the Sopchoppy High School. The professional qualifications and experience of the relator as a teacher are fully established on this record.

The motion of the respondents to quash the alternative writ of mandamus previously issued in this cause is hereby denied. The joint and several answers or returns as made by the Honorables W. A. Arnold and Amos Alexander, Jr., to the alternative writ of mandamus have by this Court been fully considered and the Court holds that the same are legally insufficient.

A peremptory writ of mandamus is hereby directed to be issued against W. A. Arnold and Amos Alexander, Jr., respondents and members of the Board of Public Instruction of Wakulla County, Florida.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and THOMAS, J. J., concur. ·