STATE *ex rel.* J. R. TERRY, O. R. HARRELL and CARL BOOKER, as and Constituting the Board of Trustees of the Special Tax School District of Fort White, Columbia County, v. L. C. OWENS, J. E. THOMAS and R. F. PERSONS, as and Constituting the Board of Public Instruction of Columbia County.

196 So. 423

En Banc

Opinion Filed May 21, 1940

*G. A. Buie, Jr.,* for Plaintiff in Error;

*W. J. Ferguson,* for Defendant in Error;

PER CURIAM.—The judgment brought before us on writ of error in this case must be reversed upon the authority of State *ex rel.* Pittman v. Barker, 118 Fla. 380, 160 So. 362, and State *ex rel.* Pittman, *et al.,* v. Barker, *et al.,* 113 Fla. 865, 152 So. 682.

Reversed and remanded.

BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.

WHITFIELD, J., dissents.

Chief Justice TERRELL not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

WHITFIELD, P. J. (dissenting).—This writ of error was taken to a final judgment rendered by the circuit judge in a mandamus action seeking to require the county board of public instruction to approve the nomination of a teacher by school district trustees. Such judgment contains the following:

"The court feels justified in concluding that the school board, under the circumstances in the reasonable exercise of their discretion and power of general supervision of the schools of the county had fair and sufficient foundation on which to entertain the bona fide belief that their action was for the best interest of the School Administration in the Fort White District and that consequently the board would not be subject to mandamus to compel them to approve the aforesaid teacher nominee.

"Therefore, the motion for peremptory writ of mandamus is denied; and alternative writ of mandamus heretofore issued is quashed, and the petition therefore dismissed at the cost of the Relators.

"Done and Ordered at Mayo, Florida, this the 26th day of September A. D. 1939.

"Hal W. Adams, Circuit Judge."

In awarding or denying a peremptory writ of mandamus the court is by law required to exercise a sound judicial discretion; and when no controlling rule of law or procedure is violated, such judicial award or denial of the writ will not be reversed on writ of error when there is an adequate showing of conditions, facts and circumstances to justify the judgment rendered. Likewise the appellate court will not ordinarily adjudge error in the denial of a motion for a peremptory writ of mandamus notwithstanding the answer, when the answer does not in law require a peremptory writ to be issued, and the pleadings justify a denial of such motion "for the reason the court desires to hear the testimony as to the circumstances and facts, so as to be better enabled to adjudicate the same."

In cases of this nature the adjudication should be predicated upon the conditions, facts and circumstances of each

case and the law applicable thereto. Error is not made to appear. In my judgment the Pittman decisions are not applicable to the facts and circumstances of this case.