THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF MANATEE, STATE OF FLORIDA, a Corporation Composed of A. K. HAWKINS, Chairman, R. H. PRINE and J. W. WALKER v. STATE OF FLORIDA *ex rel*. TRUSTEES OF SCHOOL DISTRICT No. 16 of MANATEE COUNTY, FLORIDA, a Corporation Composed of D. M. COURTNEY, Chairman, LINCOLN MARINE and RAYMOND BARBER.

3 So. (2nd) 707
Division A
Opinion Filed August 1, 1941
Rehearing Denied September 9, 1941

*Blakey & Daniel* and *Singletary & Cornwell,* for Appellants;

*Alvan B. Rowe,* for Appellees.

PER CURIAM.—This appeal is from àn order granting a peremptory writ of mandamus commanding the Board of Public Instruction of Manatee County to employ Mrs. W. M. Sult and Miss Lillie Mae Colquitt as teachers in Palmetto High School, Special Tax School District Number 16 of Manatee County, the said teachers having been recommended by the trustees of the district. It appears that after the peremptory writ was issued, Miss Colquitt was appointed so the appointment of Mrs. Sult is all that is involved in this case.

The appellants contend that the order appealed from is erroneous because Palmetto High School is a county school as defined by Chapter 19355, Acts of 1939, better known as the school code, that said school is supported exclusively by county funds and that when such is the case, the school code requires that the nomination of teachers be made by the County Superintendent of Public Instruction.

There is no merit to this contention. Section 10

of Article XII of the Constitution provides that trustees of special tax school districts shall have the supervision of all schools within the district so any provision of the school code tending to destroy such supervision will not be enforced. The school code evidences no purpose to abrogate the general power of the trustees of special tax school districts to nominate teachers in a regularly constituted special tax school district. It is a mere fiction to contend that county schools are supported exclusively by county funds when the special tax school district is an integral part of the county.

Having disposed of this question contrary to the contention of appellants, it follows that the case is ruled on this point by Pittman, *et al.,* v. Barker, *et al.,* 113 Fla. 865, 152 So. 682; State *ex rel.* Altman v. Arnold, 140 Fla. 80, 191 So. 71, and like cases so the judgment appealed from is affirmed.

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concur.