THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF ST. LUCIE, STATE OF FLORIDA, a body corporate under the statutes of Florida, as representing Special Tax School District No. 2 of St. Lucie County, Florida, v. A. B. CONNOR.

4 So. (2nd) 382
Special Division A
Opinion Filed October 31, 1941
Rehearing Denied November 14, 1941

*E. O. Denison* and *J. M. Sample, Jr.,* for Plaintiff in Error;

*T. B. Ellis, Jr.,* for Defendant in Error.

CHAPMAN, J.—This case is before the Court on writ of error to review a final judgment for the plaintiff below entered by the Circuit of St. Lucie County, Florida. The parties, broadly speaking, are in accord on the facts involved, but the controverted question is the principle of law applicable to the facts appearing in the record. There was a directed verdict and judgment for the plaintiff below, a motion for new trial made and overruled, and the entire record, with bill of exceptions, has been certified to this Court.

The plaintiff below, A. B. Connor, is a teacher and was by the Trustees of Special Tax School District No. 2 of St. Lucie County nominated for appointment by the Board of Public Instruction of said county as

Supervising Principal of St. Lucie County High and Grade School for the scholastic year of 1938-1939. The Board of Public Instruction declined or refused, without legal cause or reason, to appoint Mr. Connor after being nominated to the position by the Trustees. On September 8, 1938, the Circuit Court of St. Lucie County awarded a peremptory writ of mandamus directed to the Board of Public Instruction, commanding it to assemble and appoint A. B. Connor to the teaching position for the scholastic year of 1938-1939 to which he was nominated by the Trustees. The Board obtained a supersedeas thereof and took writ of error from said final judgment to this Court, when the same, upon due consideration by this Court, was affirmed. See Vassar v. State *ex rel.* Gleason, 139 Fla. 213, 190 So. 434.

The Board of Public Instruction employed another teacher for the scholastic year of 1938-1939, and the school term for which Mr. Connor had been nominated by the Trustees to the Board for appointment had expired when the final judgment of the Circuit Court was affirmed by this Court on July 7, 1939.

In a common law action brought by Mr. Connor to recover the amount of the salary for the position to which he had been nominated by the Trustees as teacher for the scholastic year 1938-1939 it was alleged, in part, that he was able, ready and willing to serve as Supervising Principal and offered to serve, and that the salary for said services was the sum of $200.00 per month and the scholastic term consisted of ten months. Pertinent portions of the amended declaration are viz:

". . . And that at all times therein he was ready, willing, able and available so to serve, and so notified

the defendant; and that whereby and by means whereof the plaintiff became entitled to the said employment, and to be appointed as such supervising principal by the defendant, and to receive the said salary therefor, monthly, as aforesaid; but, the plaintiff says that the defendant, notwithstanding said peremptory writ, and the judgment aforesaid of the said court, failed, neglected and refused to appoint the plaintiff as by the command of said judgment and writ required, and refused to allow the plaintiff so to serve, and enjoy the said employment, and receive the salary therefor; and that all during the said scholastic term, the plaintiff was without employment, by reason of holding himself in readiness and available for the employment to which, as aforesaid, he had become entitled; and the court aforesaid had so adjudicated him to be entitled; and plaintiff says that the judgment of said court was and is in full force, effect and unreversed; and that the respective respondents in said mandamus cause took a writ of error to the Supreme Court of Florida, to review the said judgment, and that the same was, before the beginning of this suit, affirmed by the Supreme Court of Florida, and proper mandate sent down to the said Circuit Court, commanding and directing the carrying out of the said judgment of said Circuit Court; and that the defendant still failed and refused, and persisted in refusal to appoint the plaintiff as such supervising principal; and that before the beginning of this action, the plaintiff did duly present to the defendant his claim for said ten months salary, aforesaid, with interest on each instalment thereof, as aforesaid, after the expiration of said scholastic year, and requested and demanded the defendant payment

thereof; and the defendant failed and refused to pay the same whereby, and by means whereof, the plaintiff has been injured and damaged."

On the plea of the defendant that it did not promise as alleged directed to the amended declaration, the issues were submitted. We fail to find error in the order of the court dated July 3, 1940, overruling the demurrer and denying the motion of the defendant below as directed to the plaintiff's amended declaration or the order of the court sustaining a demurrer or motion to strike certain pleas and amended pleas of the defendant below.

It is settled law that under the provisions of Sec. 710 C.G.L. the Trustees of a Special Tax School District have the authority to nominate teachers to the county school board for all schools within such special district. It was intended that the selection and employment of teachers of the children of Florida should not be made by those truculent to the whim of politicians or by their vacillating policies, but by those at heart truly and sincerely interested in the welfare of the children, our school system, and the qualification of teachers. In lodging the power to nominate teachers in the Trustees it was designed that qualification, ability and scholarship on the part of teachers, or in plain language, true merit, should prevail. The members of this honorable and highly respected profession which have taught the young of America since the foundation of our Republic, have made large contributions not only to our citizenship but the permanency of our institutions. Our law does not contemplate that their employment or profession shall be a pawn, stock in trade, or the foot ball of scheming politicians. See Robinson v. Keefe, 111 Fla. 701,

149 So. 638; State *ex rel.* Pittman v. Barker, 113 Fla. 865, 152 So. 682; State *ex rel.* Waldron v. Wilkinson, 117 Fla. 463, 158 So. 703; State *ex rel.* Pitman v. Barker, 118 Fla. 380, 160 So. 362; Revells v. State *ex rel.* Howard, 130 Fla. 242, 177 So. 623; Graves v. State *ex rel.* Hampton, 134 Fla. 543, 184 So. 112; Vassar v. State *ex rel.* Gleason, *supra.*

The question presented for adjudication is whether or not the defendant is liable to the plaintiff Connor for the salary incident to the position to which he had been nominated by the trustees for the scholastic year 1938-1939. Sec. 717 C.G.L. among other things makes the trustees of any school district a corporation and provides that it may own property, sue and be sued, perform other corporate functions, and perform the usual duties to provide buildings, repair the same, and to purchase libraries and other school appliances. Sec. 561 C.G.L. enumerates the several duties by law conferred on a Board of Public Instruction. Subsec. (6) thereof directs that it shall employ teachers for every school in the county, contract with them and pay them for their services.

The statutory authority conferred on a Board of Public Instruction to contract with teachers, and other persons, for the rendition of personal services was considered in the case of Board of Public Instruction v. Kennedy, 109 Fla. 153, 147 So. 250, where it was said:

"A Board of public instruction created under the laws of the State of Florida has the right, within the limits of its statutory authority, to contract with teachers and other persons, for the rendition of personal services required to be utilized in and about the operation or maintenance of the public

schools, when appropriate to carry out the plan or system provided for by law. And in the event any lawfully made contract for personal services is breached, or the services rendered under it are not paid for as agreed, an action at law therefor will lie against the board, and judgment on the cause of action that has accrued may be rendered against it, as in the case of other public bodies corporate, which may become liable to judgment in an action *ex contractu*. Kelly v. Board of Public Inst., Baker County, 105 Fla. 398, 141 So. 311. For limitations on such suits see Babcock v. Board of Pub. Inst. for Dade County, 104 Fla. 693, 140 So. Rep. 644; First National Bank of Key West v. Board of Pub. Inst. for Dade County, 107 Fla. 525, 145 So. 203."

See: Board of Pub. Inst. LaFayette County v. First Nat. Bank of Gainesville, 111 Fla. 4, 143 So. 738, 149 So. 213, and State Bank of Bowling Green v. Board of Pub. Inst. Hardee County, 116 Fla. 184, 156 So. 319.

A county school board is to be held to the same degree of integrity and liability as an individual in its lawful acts as a corporate body. State Bank of Bowling Green v. Board of Pub. Inst. Hardee County, 116 Fla. 184, 156 So. 319. The trustees of a special tax school district nominate a teacher qualified for the position and thereafter the Board of Public Instruction is without authority to challenge the suitability of the teacher to the community or to inquire into his qualifications, as these several items are the functions of the trustees. When the nomination of a teacher is presented or made to the Board by the trustees the statutes and decisions direct that the Board discharge its statutory duties by contracting

with the teacher so nominated. See Pittman v. Barker, 118 Fla. 380, 160 So. 362.

The law made it the duty of the Board to contract with and pay Mr. Connor for his services as teacher for the scholastic year 1938-1939. It is shown that Mr. Connor was prepared, ready, willing and available to teach during the entire scholastic year and he was not able to obtain similar employment elsewhere. The contract of employment, impliedly existed, as a matter of law when the nomination as teacher was made and presented to the Board. The Board was without statutory power to nullify the nomination of the trustees by declining to enter into a contract with and refusing to pay the amount of his salary. The contract between Connor and the trustees provided that he should teach as supervising principal of the St. Lucie Grade and High School located within the School District for the scholastic year of 1938-1939, being a ten months term, and the compensation therefor was the sum of $200.00 per month. The mere inaction or arbitrary refusal of the Board to discharge its statutory duty when the trustees' nomination of the plaintiff was presented to it cannot affect the right of the plaintiff to recover. It is under such conditions and circumstances from the acts and conduct of the parties that the law establishes an implied contract. The execution of a contract by the Board with the plaintiff was not absolutely essential to the maintenance of the school, the right to teach, or the authority of the Board to compensate for services rendered, but the execution at the most was directory and not mandatory. We have here an implied contract arising as a matter of law upon the reasonable assumption by the trustees and the plain-

tiff that the Board would discharge its statutory duty and execute with the plaintiff the express contract as contemplated by the nominating authority. The acts, conduct, and circumstances surrounding the parties established and created the implied legal duty of the Board to follow the law. See 17 C.J.S. pp. 318-320; Am. Jur. pp. 497-505, par. 4-6; Klebe v. United States, 263 U. S. 188; Williston on Contracts, Vol. 1 (Rev. Ed.) pp. 43-44, par. 22a. The individual liability, if any, of the members of the Board of Public Instruction for their alleged arbitrary action, is not here considered or passed upon. We fail to find error in the record.

Affirmed.

BROWN, C. J., WHITFIELD, and BUFORD, J. J., concur.