## THE BOARD OF PUBLIC INSTRUCTION OF MANATEE COUNTY, FLORIDA, v. ALVAN B. ROWE

10 So. (2nd) 311                                                    Division A
October 2, 1942                          On Rehearing October 16, 1942

Blakey & Daniel, for appellant.
Alvan B. Rowe, for appellee.

BUFORD, J.:

On appeal we review judgment in favor of plaintiff in a suit wherein plaintiff sought to recover attorneys fees on quantum meruit basis for services rendered in two certain suits.

The seventh count of the declaration is:

"The Trustees of School District No. 16 of Manatee County, Florida, are a corporation with authority and power to sue and be sued, and perform other corporate functions. These Trustees were D. M. Courtney, Chairman, Lincoln Marine and Raymond Barber, and as such Trustees these named parties had the supervision of all schools within their district and the general power to nominate teachers therein. This was denied by the Board of Public Instruction for the County of Manatee, State of Florida, and when the Trustees attempted to exercise such power the Board of Public Instruction for the County of Manatee, State of Florida, refused to recognize their power so to do, and, upon said Trustees insisting on their rights in the premises, they were advised by the defendant that it would be necessary to test the legality of the power claimed by the Trustees in the Court before such power would be recognized by the Defendant herein, and with the approval of the County Board of Public Instruction, Defendant herein, two mandamus suits were instituted and filed in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida, to-wit: The case of State of Florida ex rel. Trustees of School District No. 16 of Manatee County, Florida, a corporation composed of D. M. Courtney, Chairman, Lincoln Marine and Raymond Barber, Relators, v. The Board of Public Instruction for the County of Manatee, State of Florida, a corporation

composed of A. K. Hawkins, Chairman, O. C. McLean and J. W. Walker, Respondents, and also the case of State of Florida ex rel. Augusta Evans, Clarice C. Foster, Mary C. Gladis, Evans Harrell, Byron Hileman, Honor E. Maynard, Grace S. Pedrick, Evelyn H. Winter, W. M. Sult, Relators, v. The Board of Public Instruction of Manatee County, Florida, a corporation composed of A. K. Hawkins, Chairman, R. H. Prine and J. W. Walker, and Jessie P. Miller as County Superintendent of Public Instruction and Secretary and Executive Officer of the County Board, Respondents.

The Trustees of School District No. 16 of Manatee County, Florida, employed plaintiff to bring said actions, and both of said actions have been concluded in their favor and plaintiff herein presented his bill for services rendered in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida, in such cases, and the Trustees of School District No. 16 of Manatee County, Florida, on July 15, 1941, approved such bill and transmitted it to the Board of Public Instruction for Manatee County, Florida, for payment and requested that it be paid. The amount of said bill was Two Thousand Dollars ($2,000.00) which plaintiff avers is a reasonable fee for his services rendered in said cases in the Circuit Court; but Defendant has wholly failed and refused to pay plaintiff this sum or any other sum for his services rendered as aforesaid."

So, the declaration alleges, and the proof shows, that plaintiff prosecuted two separate suits. The first was filed on the 10th day of May, 1941, in the name of "State of Florida ex rel. Trustees of School District No. 16 of Manatee County, Florida, a corporation

composed of D. M. Courtney,' Chairman, Lincoln Marine and Raymond Barber, Relators, v. Board of Public Instruction of the County of Manatee, State of Florida, a corporation composed of A. K. Hawkins, Chairman, O. C. McLean and J. W. Walker, Respondent."

In this suit the Trustees sought to coerce, in mandamus proceedings, the Board of Public Instruction to recognize and approve the nomination of the Trustees as to teachers to be employed in the public school of District No. 16. The suit was instituted by the Trustees after the Trustees had been officially advised by the Board that it would be necessary for the Trustees to pursue such course and procure a judicial determination of such rights before the Board would take such affirmative action. This the Trustees did. See Board of Public Instruction of Manatee County v. State ex rel. Trustees, School District No. 16, 148 Fla. 57, 3 So. (2nd) 707. The record shows that plaintiff was employed by the Trustees to institute and prosecute this suit after the Board of Public Instruction had declined to recognize the right of the Trustee to exercise the powers and functions which the law authorized them to exercise and had definitely advised the Trustees that such course would be and was required.

As to reasonable fees for the prosecution of this suit, the plaintiff was entitled to judgment.

The suit was necessary to the lawful maintenance of the public free school of District No. 16 and was made so necessary by the adverse action of the Board of Public Instruction. The trial court should determine, subject to review, from what fund the judgment must be paid.

The other suit for which plaintiff claims attorney's fees was a mandamus proceeding in the name of Augusta Evans, et al., v. Board of Public Instruction of Manatee County, and was instituted on May 29, 1942. The trustees were not a party to that suit. Although this appears to have been a suit by teachers, it is alleged and proved that the Trustees employed plaintiff as attorney to institute and prosecute this suit. We do not think that either the allegations or proofs are sufficient to bind the Board of Public Instruction to pay the fee incident to this suit.

As we glean from the record, it appears that after the first suit was instituted by the Trustees the Board of Public Instruction, having theretofore appointed teachers to serve in the public school of District No. 16, being Palmetto High School, attempted to revoke the appointment and employment of such teachers. The suit was by the teachers to protect their respective rights and, incidentally, to uphold the powers and duties of the Trustees which were directly involved and at issue in the first suit. Certainly, it is not shown that the Board of Public Instruction either directly or indirectly approved the obligation assumed by the Trustees to pay the attorneys fees for such services rendered in the suit on behalf of the teachers.

For the reasons stated, the judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

So ordered.

BROWN, C. J., WHITFIELD, and ADAMS, JJ., concur.

PER CURIAM:

The appellee has filed here motion for rehearing pursuant to our opinion and judgment filed herein on October 2, 1942, which motion was denied.

As a part of the same document, appellee prays that we clarify our judgment which is, "For the reasons stated, the judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed" and so modify the same as to give specific directions as to what should be done in the court below.

Under our opinion and judgment, supra, all that is left to be done in the court below is to ascertain the amount of recovery to which the plaintiff in the court below, appellee here, was entitled to as quantum meruit for services rendered in the case of State of Florida ex rel. Trustees of School District No. 16 of Manatee County, Florida, a corporation composed of D. M. Courtney, Chairman, Lincoln Marine and Raymond Barber v. Board of Public Instruction for the County of Manatee and State of Florida, a corporation composed of A. K. Hawkins, Chairman, O. C. McLean and J. W. Walker.

It is, therefore, ordered and adjudged that the new trial in that cause shall be confined to ascertainment of the amount which the plaintiff Rowe is entitled to recover and the entry of judgment for such amount, subject, however, to review by this Court if either party should be dissatisfied with the amount of the judgment.

It is so ordered.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, JJ., concur.