THE STATE OF FLORIDA, ex rel. J. T. KELLEY, v. F. M. GOLSON, Chairman, MIXON COOPER and H. D. HAGLER, as and constituting the Board of Public Instruction for Jackson County, Florida.

14 So. (2nd) 793                          June Term, 1943
August 3, 1943                              Division A
Rehearing Denied September 7, 1943

*Clyde Mayhall* and *Amos Lewis,* for appellant..
*B. L. Solomon,* for appellees.

TERRELL, J.:

The trustees of Special Tax School District Number One Jackson County nominated J. T. Kelley to the Board of Public Instruction for appointment as supervising principal of Marianna Public Schools for the 1943-1944 school term, he having been such principal for the four years preceding. The Board of Public Instruction rejected the nomination of the trustees and appointed A. J. Stephens to the position.

On petition of J. T. Kelley alternative writ of mandamus was directed to the Board of Public Instruction of Jackson County directing it to comply with the nomination of the Trustees or to show cause why they refuse so to do. A return to the alternative writ alleged that the nomination of J. T. Kelley was not submitted in compliance with the regulations of the Board of Public Instruction and that for this and other reasons it was a nullity which the Board was not bound by. Evidence on this point was taken and considered, after which motion of respondents to quash the writ was granted. Relator appealed.

In Board of Public Instruction for Manatee County v. State, 148 Fla. 57, 3 So. (2nd) 707, we construed Section 10 of Article XII of the Constitution to give the trustees of Special Tax School Districts supervision of all schools within the district. We further said that the school code evidences no purpose to abrogate the general power of the trustees to nominate teachers in such districts. The power to nominate teachers is a supervisory power and while the law may impose reasonable regulations as to time and manner of making nominations any such regulation as tends to destroy the constitutional power of the trustees will not be enforced.

Section 231.35 and various parts of Section 230, Florida Statutes of 1941, place limitations on the power of the trustees of special tax districts to nominate teachers but in so far as the time and manner of the nomination is concerned, they were substantially complied with in this case and being true, the nomination can be rejected only for good cause as specified in State, ex rel. Pittman v. Barker, 113 Fla. 865, 152 So. 682; see also same styled cause in 118 Fla. 380, 160 So. 362.

The nomination of the trustees in this case having been made in substantial compliance with law and is not shown to have been rejected for good cause, the judgment appealed from is reversed with directions to grant the peremptory writ of mandamus.

It is so ordered.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.