47 So.2d 768 (1950)
STATE ex rel. LAWSON
v.
CHERRY et al.
Supreme Court of Florida, Division A.
July 25, 1950.
Rehearing Denied September 26, 1950.
Berwick Anderson, Green Cove Springs, for appellant.
T.J. Jennings, Jr., and Richard C. Gordie, Green Cove Springs, for appellees.
TERRELL, Justice.
June 4, 1949, appellant Wilber Lawson was nominated by the School Trustees of Clay County to be an instructor in Dunbar High School for the school year 1949 to 1950. When the school term began the County Board of Public Instruction had not contracted with Lawson. On October 3, 1949 Lawson appeared before the Board and requested to be advised why he had not received his contract pursuant to nomination of the trustees. The response of the Board was that Lawson's nomination was conditioned on the enrollment being sufficient to warrant his employment. On the following day the trustees made an unconditional nomination of Lawson. On refusal to make the contract, alternative writ of mandamus was directed to the Board of Public Instruction, commanding them to enter into contract with Lawson or to show cause on a day certain why they refuse to do so.
A sworn answer and return to the alternative writ tendered the following issues: (1) That Lawson was nominated on the condition that the enrollment warranted his employment. (2) That the County Superintendent recommended Lawson on condition that the enrollment warranted his employment. (3) That Lawson did not hold a valid certificate at the time he was nominated. On final hearing the trial court found that Lawson's nomination was made by the County Superintendent conditionally, that the conditions never materialized so the motion for peremptory writ was denied and final judgment was rendered *769 in favor of the Board of Public Instruction. Lawson appealed.
There is no merit whatever to the contention that Lawson was disqualified as a teacher because he did not hold a valid teacher's certificate June 4, 1949, that being the date he was first nominated as an instructor by the trustees. The law, Section 231.14, Florida Statutes 1941, F.S.A., contemplates that a teacher have a certificate at the time he is employed. Lawson applied for his certificate late in June. For some reason unknown to him, its issuance was delayed. He was entitled to it on the date he applied for it and the rule seems to be that when issued it relates back to this date if that is material.
The important question here turns on the power and function of the trustees as against that of the county superintendent or the Board of Public Instruction with reference to the matter of nominating teachers for the public schools.
This court has consistently held that the power to select and nominate teachers for the public schools is vested in the trustees. State ex rel. Kelley v. Golson et al. 153 Fla. 469, 14 So.2d 793; Board of Public Instruction for St. Lucie County v. Conner, 148 Fla. 364, 4 So.2d 382; State ex rel. Altman v. Arnold, 140 Fla. 80, 191 So. 71; State ex rel. Pittman v. Barker, 118 Fla. 380, 160 So. 362; Armistead et al. v. State ex rel. Smyth, Fla., 41 So.2d 879. Other cases might be cited to the same effect. Some of them were decided since the school code became effective but an examination of that shows no disposition on the part of the legislature to take this power from the trustees.
It is true that under the school code the county superintendent may nominate or recommend a supervising principal and the trustees may not arbitrarily reject such a nomination. The power to nominate teachers generally is not in the superintendent, it is still a duty of the trustees and their nomination is final unless some moral or professional disqualification is shown. There is no suggestion whatever of Lawson's moral or professional qualification. An examination of the record discloses no basis for the Board's refusal to contract with appellant. The charge that Lawson's nomination was conditional is untenable and there was no finding of fact to that effect.
The judgment appealed from is reversed with directions accordingly.
Reversed.
ADAMS, C.J., THOMAS and ROBERTS, JJ., concur.