PER CURIAM.
Appellee was a non-instructional employee of the appellant. She was discharged for failure to comply with regulations regarding her employment. She contends she had a right to appeal to a committee, which hearing should have been conducted in a quasi-judicial fashion. She took an appeal; the committee recommended her dismissal, which recommendation was approved by The Board of Public In *169 struction. She then took certiorari to the circuit court and prevailed upon the circuit court to quash the order of the Board and to order a rehearing. The Board then appealed the circuit judge’s ruling to this certiorari proceeding, and (2) that the court, contending (1) that the circuit court was without jurisdiction to entertain the proceedings resulting in the dismissal of the appellee were executive actions and not those of the Board or its employees in a quasi-judicial fashion.
We find that the circuit court erred in two respects: First, it did not have jurisdiction to entertain the petition for certiorari. Adams v. Board of Public Instruction of Okaloosa County, Fla.App. 1969, 225 So.2d 423; Powell v. Board of Public Instruction of Levy County, Fla. App.1969, 229 So.2d 308.[1] Further, even if the circuit court had jurisdiction it erred in construing the proceedings for dismissal of the employee as a quasi-judicial administrative action, when it is apparent that the action of the Board in discharging a non-instructional employee [not protected by classified service] was an executive action not reviewable by certiorari, cf. DeGroot v. Sheffield, Fla.1957, 95 So.2d 912; Bloomfield v. Mayo, Fla.App.1960, 119 So.2d 417; Modlin v. City of Miami Beach, Fla. 1967, 201 So.2d 70; § 230.23(5) (h), Fla.Stat., F.S.A.
Therefore, for the reasons above stated, the final order of the circuit court, here under review, be and the same is hereby set aside and reversed with directions to dismiss the petition for certiorari filed in the trial court.
Reversed and remanded, with directions.

. It is recognized that these decisions catne down after the circuit judge took jurisdiction of the matter, but causes are determined at the appellate level as the law exists at the time of the appeal and not at the time of the institution of the proceedings in the trial court. Florida East Coast Railway Company v. Rouse, Fla.1966, 194 So.2d 260; Personnel Board of City of Miami Beach v. Majewski, Fla.App. 1969, 227 So.2d 498.