338 So.2d 890 (1976)
Ozell VON STEPHENS, Appellant,
v.
The SCHOOL BOARD OF SARASOTA COUNTY, Florida, and Gene M. Pillot, As Superintendent of Schools for Sarasota County, Florida, Appellees.
No. 75-1732.
District Court of Appeal of Florida, Second District.
October 29, 1976.
*892 Stanley E. Marable, Law Offices of Frank & Meyer, Tampa, for appellant.
C. Allen Watts, of Fogle & Watts, DeLand, for appellees.
BOARDMAN, Acting Chief Judge.
Appellant/plaintiff, Ozell Von Stephens, timely appeals the dismissal with prejudice of his amended complaint against appellees/defendants, School Board of Sarasota County (Board) and the Superintendent of Schools for Sarasota County (Superintendent).
Appellant is employed by the Board as principal of Exceptional Child Education. During February, 1974, the position of principal of Tuttle Elementary School, another school in the Sarasota County public school system, became vacant; and appellant, among others, submitted his application for appointment. A screening committee appointed by the Board selected appellant for the vacancy, and the Superintendent recommended him to the Board for the position. On April 6, 1974, the Board rejected the Superintendent's recommendation. The Sarasota County Teacher's Association requested that a hearing be held to determine whether good cause existed for the rejection. On April 23, the Board agreed to said request for a hearing under the supervision of an impartial hearing examiner. At a subsequent meeting the Board rescinded by resolution its decision of April 23 stating therein, among other things, that appellant had been accorded all his legal rights and reaffirmed its rejection of the recommendation. The day following the filing of this action in the Circuit Court of Sarasota County, on June 20, 1974, the Superintendent withdrew his recommendation of appellant and advised the Board that a more qualified individual, who was not among the original applicants, had applied for the position. The trial judge dismissed appellant's amended complaint finding that the complaint failed to state a cause of action and that the circuit court lacked subject matter jurisdiction. We reverse.
We agree with appellant's contentions that the circuit court does have subject matter jurisdiction over the controversy, that good cause must be shown for the rejection of the recommendation, and that he does have a property right in the appointment.
Appellant's amended complaint alleged that the circuit court had jurisdiction to determine the legality of the Board's rejection of the recommendation and the Superintendent's withdrawal of the recommendation. The appropriate forum for review *893 of an agency action is determined by the nature and character of that action unless the statute which created the agency and defined the scope of its authority prescribes a specific procedure for review.[1]Teston v. City of Tampa, Fla. 1962, 143 So.2d 473. The Florida Administrative Procedure Act mandates that review of an agency's quasi-judicial order is by writ of certiorari to the district court of appeal. Fla. Stat. § 120.31(1) (1973). Relief from an order which is not quasi-judicial is by original judicial proceedings in the circuit court.[2]Teston v. City of Tampa, supra; Deen v. Tampa Port Authority, Fla.App.2d 1967, 201 So.2d 755, citing J. Hall & R. Canada, Florida Civil Practice After Trial, ch. 22 (1966).
The threshold question in the case before us is whether the actions of the Board and Superintendent are quasi-judicial. Generally, a quasi-judicial order is characterized by notice and a hearing pursuant to statutory requirements. West Flagler Amusement Co., Inc. v. State Racing Commission, 1935, 122 Fla. 222, 165 So. 64; 1 Fla.Jur., Administrative Law § 65 (1958, Supp. 1976). This court has previously held that an agency decision is not quasi-judicial if it is predicated on an unilateral hearing without notice, an opportunity to cross-examine, a formal finding of fact, or an entry of a formal order stating its findings, and where the only evidence of any factual findings was in a letter stating a conclusion. Charbonier v. Wynne, Fla.App.2d 1973, 282 So.2d 171. Under the circumstances presented here, neither the Board's rejection nor the Superintendent's withdrawal can be characterized as quasi-judicial. See Teston v. City of Tampa, supra; Solomon v. Sanitarians' Registration Board, Fla. 1963, 155 So.2d 353.
In Board of Public Instruction of Dade County v. McQuiston, Fla.App.3d 1970, 233 So.2d 168, the dismissal of an employee by the school board on the ground that he did not meet the qualifications specified for his position was held an executive action. We regard the decision by the Board in this case to be of the same nature as that in McQuiston. Furthermore, the Supreme Court of Florida has held that mandamus is the proper remedy to compel a school board to appoint the person nominated, and it is well established that mandamus will issue solely to enforce the performance of a clear ministerial duty or function. State ex rel. Kelly v. Golson, 1943, 153 Fla. 469, 14 So.2d 793; 21 Fla.Jur., Mandamus § 33 (1958, Supp. 1976). We hold that the actions complained of in the instant case are not quasi-judicial and that appellant properly brought this action in the circuit court.
The Board contended that the Superintendent recommended appellant for a transfer not an appointment and, therefore, it is not necessary to show good cause to reject the recommendation. We hold that the Board must appoint appellant absent legally sufficient cause to reject the Superintendent's recommendation. The superintendent is directed to select and submit his nominations and recommendations for appointments and transfers to the school board. Fla. Stat. § 230.33(7)(b)(c)(d)(g) (1973). The school board is required to appoint those recommended or nominated unless good cause for rejection exists. Fla. Stat. § 230.23(5)(b)(c) (1973). Although the statute does not directly state that cause must be shown to reject a recommendation for transfer, it is elementary and particularly so in this case that to transfer personnel an appointment is necessitated, thereby activating the cause requirements in § 230.23(5)(b)(c), Fla. Stat.[3]
*894 In our judgment the basis for the separate treatment of transfers and appointments in the school code is not to differentiate between them by the applicability of good cause but is to distinguish situations in which the school board can and cannot act on its own initiative. Section 230.23(5)(b)(c) authorizes the school board to select and appoint personnel in specific circumstances but does not give the board authority to transfer employees on its own motion. See Fla. Stat. § 230.23(5)(f) (1973).
Appellee argued that if good cause is required, legal grounds for rejection include failure to meet such subjective standards as suitability to the community and acceptable personality. We cannot agree.[4] The responsibility of a school board has always been to appoint personnel recommended and nominated by the superintendent, not to select them. See State ex rel. Lawson v. Cherry, Fla. 1950, 47 So.2d 768. Unless good cause is shown, that is failure of appellant to meet the criteria of Chapter 231, Fla. Stat., it is incumbent on the board to appoint and contract with the nominee. State ex rel. Kelley v. Golson, supra; State ex rel. Lawson v. Cherry, supra; Fla. Stat. § 230.23(5) (1973).
A nomination by the superintendent entitles the nominee to due process protections of his interest in the nomination. This "legitimate claim of entitlement" was created by the terms of Fla. Stat. § 230.23(5) which, as we have explained above, mandates appointment by the Board absent good cause. Cf. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). This "claim" entitles the nominee to notice and a hearing where grounds for deprivation of the right of appointment would be shown and could be challenged for legal sufficiency. See Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Appellant's interest is more than a mere subjective expectation in employment which would not be safeguarded by due process. Perry v. Sindermann, supra. Furthermore the Supreme Court of Florida specifically *895 established a property right in a nominee by its holding in Board of Public Instruction for County of St. Lucie, Florida v. Connor, 1941, 148 Fla. 364, 4 So.2d 382, that at the time a nomination is made to the board an implied contract arises between the school district and the nominee. That nomination is final unless the board finds that the nominee is morally or professionally disqualified. State ex rel. Lawson v. Cherry, supra.
A superintendent of course exercises his discretion in selecting and nominating school personnel. The Superintendent exercised this discretionary duty by submitting appellant's name to the Board. It is clear to us that the interest of appellant was created and his right to due process vested at that time. Hence when the Board rejected the nomination appellant was entitled to a hearing to determine whether the Board acted according to the statutory requirement of good cause and was entitled to seek review of the action by the appropriate appellate procedure if necessary. To sanction the Superintendent's withdrawal of the nomination after appellant initiated legal proceedings would extinguish a nominee's right to due process safeguards of his interest and circumvent the statutory scheme provided by the legislature designed to afford due process. Under these somewhat peculiar facts, that is withdrawal of the nomination after the Board rejected it and refused to conduct a hearing and after appellant filed suit, the Superintendent could not withdraw his nomination without a showing of good cause for the reasons explained above. Moreover because the requirements of due process attach to a nominee's interest in his appointment upon nomination by the superintendent it reasonably follows that good cause must be shown for withdrawal of that nomination. The school code does not provide for withdrawal of a superintendent's nomination once submitted to the school board. However until the board appoints the nominee the nominee does not have an irrevocable right to the nomination, and the nomination may be withdrawn for good cause.
Accordingly we remand this cause to the circuit court for an adversary hearing to determine whether the Superintendent had good cause to withdraw his recommendation of appellant. If it is found that the withdrawal was supported by good cause, the question of appellant's appointment is moot and the order of the circuit court is affirmed. If on the other hand it is found that the withdrawal is not so supported, the recommendation stands. In the latter event the circuit court must then direct the Board to conduct a hearing to determine if there is good cause to reject the Superintendent's recommendation of appellant. Absent a showing of good cause, appellant is entitled to the appointment.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SCHEB, J., concurs.
GRIMES, J., dissents with opinion.
GRIMES, Judge (dissenting).
I concur with the conclusion of the majority opinion that the School Board could not reject appellant's nomination without a showing of good cause. However, I know of no authority which would preclude the superintendent from withdrawing the nomination prior to the time it is accepted by the Board.
In my judgment, the superintendent had the same latitude to change his mind concerning appellant's nomination as he did in nominating appellant in the first place. Upon his nomination, the appellant may have had something in the nature of a property right vis-a-vis the School Board because as we interpret the statute the School Board could only reject him for good cause. However, there is nothing in the statute that limits the superintendent either in making the nomination or in withdrawing it. I cannot see how the mere submission of his name in nomination had the effect of elevating appellant's rights to the point where the nomination could not thereafter be withdrawn except upon a showing of good cause.
*896 The superintendent is a constitutional officer charged with the responsibility of recommending the person he believes best qualified to fill the important position of school principal. Since for reasons best known to him the superintendent saw fit to withdraw appellant's name from nomination before it was accepted, I believe the issue became moot and that appellant no longer had a cause of action. Therefore, I must respectfully dissent.
NOTES
[1] Chapter 230 of the Florida Statutes which establishes the district school system does not set out such a procedure.
[2] This suit was initiated prior to January 1, 1975, the effective date of the current, revised APA.
[3] The attorney general has determined that the good cause requirement for rejection of recommendations and nominations was applicable to transfers. Atty.Gen.Op. 061-136. The attorney general relied on Fla. Stat. § 231.35 (1961), appointment of personnel, which has been transferred to Fla. Stat. § 230.23(5)(b) (1973), appointment of noninstructional personnel. Yet the underlying rationale that a transfer necessitates an appointment remains sound. Furthermore we are not impressed by appellee's argument that good cause attaches to the superintendent's nominations but not to his recommendations. Although in some circumstances there may be a legitimate distinction between the terms, they have been loosely used in the school code. See Fla. Stat. § 231.35 (1941); Fla. Stat. § 230.23(5)(b) (1973). Compare Fla. Stat. § 230.33(7)(e) (1941) with Fla. Stat. § 230.23(7)(b) (1941).
[4] The school code at one time provided that the superintendent submit recommendations for personnel to the trustees who in turn submitted nominations to the school board for appointment. Fla. Stat. § 230.23(7)(c)(d), .33(7)(c)(d),.43(1)(2) (1941). The superintendent was specifically directed to consult the trustees in reference to selecting those to be nominated teachers. Fla. Stat. § 230.33(7)(d) (1941). The Board suggested that the school board has succeeded to the position once occupied by the trustees in the selection of personnel. The decisions in State ex rel. Pittman v. Barker, 1935, 118 Fla. 380, 160 So. 362, and Board of Public Instruction for St. Lucie County v. Connor, 1941, 148 Fla. 364, 4 So.2d 382, indicate that the courts allow the trustees to weigh discretionary and intangible factors to determine whether to nominate a teacher recommended by the superintendent. We point out that the trustees were made responsible for selecting and nominating personnel by the statute organizing the school system. See Fla. Stat. § 230.33(7)(d), .42, .43(1)(2) (1941); State ex rel. Lawson v. Cherry, Fla. 1950, 47 So.2d 768. Furthermore, these decisions were reached prior to the expansion of due process and equal protection safeguards which guide the courts today. When the school system was reorganized and the statute amended, the superintendent, not the school board, was assigned this responsibility. Compare § 230.23(5)(c) (1973) with § 230.23(7)(c) (1941). We acknowledge that Fla. Const., art. IX, sec. (4)(b) gives the school board supervisory powers but do not agree that limiting the school board to rejection of recommendations and nominations for good cause restricts that constitutional power. See State ex rel. Kelley v. Golson, 1943, 153 Fla. 469, 14 So.2d 793.