SHIVERS, Judge.
This is the second appearance of this controversy on appeal. Appellant has been employed as a teacher with the Columbia County school system for over sixteen years. In January 1979 appellant was recommended by the Superintendent of Schools for Columbia County to fill the position of Director of Secondary Instruction. On February 13, 1979 appellee voted to abolish that position. In August 1979 appellant was recommended by the Superintendent to fill the position of Assistant Principal at Columbia High School. Appel-lee tabled this recommendation. In December 1979 appellant filed a request for hearing pursuant to Chapter 120, Florida Statutes, with appellee. Appellee’s denial of that request was appealed and addressed by this court. In Foreman v. Columbia County School Board, 408 So.2d 653 (Fla. 1st DCA 1981), this court reversed appellee’s denial of a hearing. We held that section 230.-23(5)(b), Florida Statutes (1979), required that appellant be given a statement of good cause for the Board’s failure to appoint her to the positions she had been recommended to fill. Pursuant to our decision appellee conducted a hearing and issued the order here appealed which finds good cause for the actions of appellee. We affirm in part and reverse in part.
The instant record does not contain competent substantial evidence to support appellee’s finding that good cause existed for the Board actions in question. In fact, no evidence was presented at the hearing to support the prior actions of the Board. The record reveals that various Board members merely stated their positions and then voted as to whether they believed good cause to exist. This is not sufficient. As the court stated in Von Stephens v. School Board of Sarasota County, 338 So.2d 890 (Fla. 2d DCA 1976):
A nomination by the superintendent entitles the nominee to due process protections of his interest in the nomination. This “legitimate claim of entitlement” was created by the terms of Fla.Stat. § 230.23(5) which, as we have explained above, mandates appointment by the Board absent good cause. Cf. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). This “claim” entitles the nominee to notice and a hearing where grounds for deprivation of the right of appointment would be shown and could be challenged for legal *385 sufficiency. See Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Appellant’s interest is more than a mere subjective expectation in employment which would not be safeguarded by due process. Perry v. Sindermann, supra. Furthermore the Supreme Court of Florida specifically established a property right in a nominee by its holding in Board of Pubiic Instruction for County of St. Lucie, Florida v. Connor, 1941, 148 Fla. 364, 4 So.2d 382, that at the time a nomination is made to the board an implied contract arises between the school district and the nominee. That nomination is final unless the board finds that the nominee is morally or professionally disqualified. State ex rel. Lawson v. Cherry [47 So.2d 768 (Fla.1950)], supra.
Id. at 894-95. Appellee’s order of April 23, 1982 finding good cause for its actions in abolishing the position of Director of Secondary instruction and tabling the recommendation of appellant for the position of Assistant Principal is, accordingly, reversed.
We find that the record contains competent substantial evidence to support the Board’s finding that $2,500 is a reasonable attorney’s fee for the services of appellant’s attorney in the prior appeal. We affirm appellee’s order to that extent. There is no support, however, for the decision that the Board will pay only $1,000 of that attorney’s fee. Therefore, the entire $2,500 is to be paid by appellee.
AFFIRMED in part; REVERSED in part.
WENTWORTH and JOANOS, JJ., concur.